Gidney
v.
Earl.

GIDNEY *vs.* EARL.

For an appropriation of the soil of a road, *trespass* lies by the owner of the land through which the road passes.

ERROR from the Saratoga common pleas. Gidney sued Earl in a justice's court in an action of *trespass*, for digging up and removing the soil from a highway passing through the land of the plaintiff. It was admitted that the plaintiff owned and occupied the land, opposite to which the soil was taken, on both sides of the road, except a burying ground on the south side of the road. The soil was taken from the north side of the road and deposited in the defendant's garden. It was objected by the defendant that the fact of the plaintiff owning the lands opposite the highway, did not prove title in him to the highway, nor possession, so as to enable him to maintain trespass against the defendant. The objection was sustained by the justice, who rendered judgment against the plaintiff for costs. The plaintiff sued out a *certiorari*, and the common pleas of Saratoga *affirmed* the judgment of the justice. The plaintiff thereupon sued out a writ of error.

*L. H. Palmer*, for the plaintiff.

*M. T. Reynolds*, for the defendant.

*By the Court*, NELSON, J. The public highways in this state were generally laid out and opened according to the provisions of some statute law existing at the time. Prescription, or use of twenty years or more of a road, gives to the public a right to the enjoyment of it for that purpose in some cases. The right of way, public or private, is but an incorporeal hereditament, an easement which, *per se*, does not divest the the owner of the fee of the land; and for every other purpose except the use or servitude as a public highway, the soil belongs to him, and he is entitled to the same remedies for an injury to this residuary interest that he would be entitled to if it was entire and absolute.

When, therefore, a road runs through a man's close, *prima facie* the fee of the land over which the road passes belongs to him as much as it does in any other part of the lot or tract. The law will not presume a grant of a greater interest or estate than is essential to the enjoyment of the public easement: the rest is parcel of the close. The fact that the highway is fenced on each side, is for the convenience of the owner, and has no necessary connection with the road.

It follows, from the above view, that the person in possession of the farm or lot through which the highway passes is, in contemplation of law, in possession of the highway, subject to the public easement ; for, being in possession of the lot, he is *prima facie* in possession of every parcel of it. This principle is recognized by the court, in *Cortelyou* v. *Van Brunt*, 2 Johns. R. 363, where it is said the general rule here is, that the fee of the highway belongs to the owner of the adjoining ground, and that the sovereign has only a right of passage. It is but a servitude or easement, and trespass will lie for any exclusive appropriation of the soil.

In the case under consideration, it is expressly admitted that the plaintiff owns and occupies the land on both sides of the road where the defendant dug, except a piece of land enclosed as a grave yard. Even if this admission had not been as broad, evidence of possession of the land on each side would have raised a presumption of ownership in the plaintiff. There are numerous English cases in support of the above principle. 11 East, 51. 2 Com. Law R. 19. 3 Bacon, Highways, B. 494. 4 Vin. Chimin Private, pl. 5, 7.

We should have regretted, had we been obliged to have come to any other conclusion than the above, as the consequence must have been that in all cases of the kind, however trifling the injury, a remedy could be obtained only in one of the higher courts, and that at a heavy expense to the defendant.

Judgment reversed.