## WILLOUGHBY *vs.* JENKS.

Where a street is dedicated to the public, but the same has not been accepted or recognized by the local officers as a public street, whether the owner of a lot bounding on such street may be considered as having title *usque filum viæ*, so as to entitle him to an action against another for digging the street opposite to his lot and removing the earth therefrom, or whether he has merely an easement or right of way in the street, *quere*.

At all events such a case presents a question of *title to land*, which cannot be tried by a justice's court or by the municipal court of Brooklyn.

Where an action of trespass *quare clausum fregit* is prosecuted in a justice's court, all proceedings there must be suspended on the defendant's putting in a *plea of title* or *on its appearing* by the plaintiff's own showing that title to land is in question.

Proof of actual possession of a lot adjoining a *street* shows a constructive title in the occupant to the soil *usque filum viæ*.

But to give such title, the street must have been accepted by the public as such; although dedicated, if not accepted, it remains the property of the original proprietor, subject to the easement or right of way of the purchasers of lots adjoining the street.

ERROR from the Kings common pleas. Jenks sued Willoughby in the municipal court of the city of Brooklyn, and declared against him in *trespass*, for digging up the soil and destroying the grass and herbage of the plaintiff. On the trial the plaintiff proved that the defendant had caused the ground in a street called *Willoughby-street* to be dug up and removed; which digging was *opposite* to two lots owned by the plaintiff bounding upon the street, and upon one of which was erected a school house occupied by him. He also proved that Willoughby-street was dedicated to the public as a street, by the defendant and others, in 1829, and that he, (the plaintiff,) in 1831, purchased and had conveyed to him a lot bounded on that street, and in 1833 became the purchaser of another lot bounded on the same street, which was also conveyed to him. The plaintiff gave no evidence that Willoughby-street had been occupied and recognized as a street by the common council of Brooklyn, though the proof was ample that it was used as a street by the public.

The defendant moved for a *non-suit,* and that the *cause be dismissed* for the want of jurisdiction in the court to proceed, on the following grounds : 1. That the plaintiff had failed to show possession in himself of the *locus in quo;* 2. That by the plaintiff's own showing it appeared that *title to land was in question;* 3. That the *locus in quo* was a public street, and that the plaintiff had not proved any damages. The court denied both applications. The defendant then adduced testimony on his part, and the jury before whom the cause was tried rendered a verdict in favor of the plaintiff, on which the municipal court rendered judgment, which was *affirmed* by the common pleas on *certiorari.* The defendant sued out a writ of error.

*N. F. Waring,* for plaintiff in error.

*W. Rockwell, & W. A. Green,* for defendant in error.

*By the Court,* COWEN, J. It was certainly a grave question, whether the plaintiff had any title in the soil of this street, *usque filum viæ,* under deeds bounding him upon it. He did not show that it had been accepted as a public street, but merely that the original proprietors had laid it out as such on a map, and that he had taken his deeds bounding him on the street. As between him and the defendant, perhaps it gave him a right of way. *Livingston* v. *The Mayor, &c. of New-York,* 8 *Wendell,* 85, 99. But that did not of necessity take from the defendant his right of soil. The plaintiff might still have been entitled to an easement only, 8 *Wendell,* 99, 105, 106, 107, 108. *Gidney* v. *Earl,* 12 *id.* 98.

But I do not go into this question farther than to see whether it was not necessarily involved in the plaintiff's own deduction of his claim before the municipal court ; and if so, it is impossible to sustain the jurisdiction of that court by the provisions of the fifty dollar act, which it is admitted are to govern. 2 *R. S. 2d ed.* 168, § 59, 60, 61, 62, 63. *See also Statutes, sess. of* 1827, *p.* 145, § 47, 48, *and p.* 148, § 61; *and sess. of* 1834, *p.* 114, § 66, *and p.* 116, § 72. Under the sections of the Revised

Statutes above quoted, there are two ways of arresting the proceedings in a justice's court. In the first place, where the defendant is conscious that the plaintiff can maintain his suit by evidence of actual possession, which is sufficient in itself as against all the world except him who has a paramount title, if the defendant mean to show an adverse title he must plead or give notice that he will do so, and tender the proper security that he will appear and abide a trial in the common pleas. This is the case provided for by the 59th to the 62d sections inclusive. But there are cases in which the plaintiff cannot maintain an action at all without showing a *title;* these arise where he has no actual possession at the time when the trespass is committed. In such case he must make out a constructive possession by showing an *actual title.* He must do so where the land is entirely wild, vacant or common ; indeed in all cases where a *pedis possessio* cannot be shown. That is emphatically so where land is travelled and used as a public highway. It is open and common to all the world, apparently as much so as to the plaintiff himself. To make out a constructive title, he may prove himself in the actual possession of land adjoining the highway. The law then presumes that he is the owner of the soil *usque filum viæ. Cook* v. *Green,* 11 *Price,* 736, 739. *Gidney* v. *Earl,* 12 *Wendell,* 98. In *Cook* v. *Green,* Richards, Chief Baron, lays down the rule in these words : that " the owners of land adjoining a road were entitled to claim property to half the soil of the road, unless a contrary right were proved." Such is undoubtedly the true rule. Now admitting that in the case before us the court had jurisdiction of a trespass committed upon the plaintiff's actual possession adjoining the street, still his title to the soil of the street itself remains in question. It is upon title alone that he can recover for a trespass committed there, which title is to be inferred from his actual possession. It is the same in respect to the right of an owner on the bank of a river above tide water. Both present questions of title and not of mere possession. Beside, what the plaintiff says is a highway or a river above tide, may not be so. If it be not so, then the rule of ownership does not apply. If what

Willoughby v. Jenks.

appears to be a common highway, be not in fact laid out as such, or the public have refused to accept it as a donation, it is not a common road, and then the adjoining owner cannot claim it; for it is still the private property of the original proprietor, subject perhaps, to a mere right of private way in the adjoining owner, provided he has taken a deed which bounds him upon it as a street. Then the plaintiff here, who claimed as owner adjoining, was bound to make out a public highway. It is said in *Gidney* v. *Earl,* that a right of way, public or private, is but an incorporeal hereditament. *Nelson, J.* 12 *Wendell,* 98. Holman, J. says, in *Conner* v. *New-Albany,* 1 *Blackf.* 45, "a way, whether public or private, whether styled a road or a street, leading through town or country, is an incorporeal hereditament." Now whether a public way be a hereditament in every sense or not, it is certainly a *quasi* hereditament. It is an incumbrance on land, which very seriously affects the title to the soil. It is in itself real estate, a right to occupy land subject to a control in the owner very much reduced, and indeed destroyed for all the purposes of cultivation. In the case at bar, the plaintiff was perfectly conscious that he could not succeed, by showing the short time during which Willoughby-street had been occupied as a highway. Twenty years had not passed. He therefore, as he was bound to do, proved certain explicit acts of dedication, a city map laying down the street, an agreement among the proprietors that it should be a public street, and his own title deeds bounding him upon it as such. Then he insists that he has established a highway; in other words, he has shown a title in the public to a *quasi* incorporeal hereditament, and from that seeks to infer his own title to the soil. If there be such a thing as " its appearing on the trial from the plaintiff's own shewing, that the title to lands is in question," § 63, this is that case. A most learned and complicated question of title was in fact raised and decided by the municipal court; whereas the 62d section, already cited, declares that in such case, " the justice shall dismiss the cause, and the plaintiff shall pay the costs." He should have done that in this case, on the defendant's motion.

I am aware that, without the 63d section, the statute would require the defendant, before he can oust the court of jurisdiction, to plead or give notice of his title. Section 59 is, that " In every action where the title to land shall in any wise come in question, the defendant at the time when he is required to join issue *and not after*, may plead specially any plea shewing that the title to land will come in question," &c. If not, says section 62, " the justice shall have jurisdiction, &c. and the defendant shall be precluded in his defence, from all evidence drawing in question the title to lands." Then follows the 63d section, which clearly must be read as an exception to section 59 ; otherwise, the whole of section 63 would be nugatory. We have noticed several cases to which it was intended that it should apply. There are various others, such as trover for timber by a reversioner, or any owner out of actual possession, and the like.

The court of common pleas erred in not reversing the judgment for the want of jurisdiction ; and both the judgment of that court and the municipal court must therefore be reversed.

Judgment reversed.