By the Court, Nelson, Ch. J.
The seventh section of the act incorporating the Auburn & Rochester Rail Road Company (Sess. Laws of 1836, p. 493, 496,) provides, that the company shall acquire a right to the' land necessary for' the construction of their road, before entering upon the same, either by gift, purchase, or, in case of refusal to sell &c.,by an assessment of the value • of the land &e. By the eleventh section (id. p. 499) it is declared, that whenever it shall be necessary Sec. to intersect or cross any stream of water or water courses, or any road or highway &c.,it shall be lawful for the company to construct their road across or upon- the same; but they shall restore the stream or water course or the road or highway thus intersected, tó its former state of usefulness, &e.
The plea is founded upon the supposition that this section afforded full authority to the defendants to lay out and construct the track- of their' road over the highway in question, without first maikirig'aiiy compensation therefor. So far as the public interest therein is concerned, the supposition is doubtless well J founded. But the plaintiffs were not divested of the fee ’of the land'by."the laying:: out of the1 highway • nor did the public thus acquire' any greater interest therein than- a right of way, with the powers :arid privileges1 incident tó that right; "stich as digging, the soil and' using the :timber;ánd ófhérínáfemls found *569 within the limits of the road, in a reasonable manner, for the purpose of making and repairing the same. Subject to this easement, and this only, the rights and interest of the owner of the fee remained unimpaired. (Sir John Lade v. Shepherd, 2 Str. 1004 ; The Mayor &c. of Northampton v. Ward, 1 Wils. 110, 111 ; Perley v. Chandler, 6 Mass. R. 454 ; Harrison v. Parker, 6 East, 154 ; Jackson v. Hathaway, 15 John. R. 447 ; Gidney v. Earl, 12 Wend. 98.)
It is quite clear, therefore, even if the true construction of the eleventh section accords with the view taken by the counsel for the defendants, that the legislature had no power to authorize the company to enter upon and appropriate the land in question for purposes other, than those to which it had been originally dedicated in pursuance of the highway act, without first providing a just compensation therefor. (Bloodgood v. The Mohawk & Hudson Rail Road Co., 18 Wend. 9 ; Fletcher v. The Auburn & Syracuse Rail Road Co., 25 id. 462, 464.) But we apprehend the provision, upon a true construction, applies only to the public property and interest in the highway, and was not intended to authorize the company to appropriate to themselves any estate or interest remaining in the owner of the fee. This was the view entertained of a similar provision in the charter of the Auburn & Syracuse Rail Road Company, (25 Wend. 462,) though it was then unnecessary to express an opinion upon the point now before us.
It was said on the argument that the highway is only used by the defendants for the purposes originally designed—the accommodation of the public; and for this, compensation has already been made. This argument might have been used with about the same force in the case of Sir John Lade v. Shepherd, before cited. There, the only act of trespass was the laying of a plank across a ditch, with one end resting upon a highway running over the plaintiff’s land. The defendant had land lying contiguous to the road, and used the plank as a bridge. The court held, that the plaintiff had not parted with the prop *570 erty of the road, and that, for all purposes except the righf’of passage by the public, it was still the plaintiff’s soil; that the right claimed was an easement to the defendant, and if he would have it, he must agree with the plaintiff for it. (See 1 Wils. 111.) So here, the claim set up is an easement; not a right of passage to the public, but to the company, who have the exclusive privilege of using the track of the road in their own peculiar manner. The public may travel with them over the track, if they choose to ride in their cars; but nevertheless, the company are not the public, npr can they be regarded as standing in the place of the public. They are a private company, an ideal individual, and stand, in respect to the claim set up, on the footing of the defendant in the case just referred to.
Judgment for the plaintiffs.