By the Court, Cowen, J.
The plaintiff being a reversioner, and the direct injury being to the tenant, it became material under the plea to show his title. This was important, not only to the right of recovery at all, but to the amount of damages. Dow appeared to have been the former owner. His title Avas shoAvn by acts of OAvnership; and evidence of these Avas followed by a conveyance from him to the plaintiff. To this evidence no objection was made; nor was the plaintiff’s title expressly disputed at the trial. No motion was made to dismiss the cause, as being one which necessarily involved the question of title; nor does it appear that the justices’ attention was called to the point.
The case Avas clearly within the statute Avhic.h directs a dismissal of the cause by the justice, if it can be said that the plaintiff’s title was disputed, within the meaning of 2 R. S. 168, § 63, 2d ed. (Willoughby v. Jenks, 20 Wend. 96, 99, 100; Whiting v. Dudley, 19 id. 373.) But it is plain that the statute *46 does not mean to deprive the justice of jurisdiction absolutely. It leaves him to judge whether the title be in question or not, and if he mistake, the judgment is voidable for error, not void for want of jurisdiction. It follows, I think, that if the party will entitle himself to a dismissal, he must call the justice’s attention specifically to the objection, by at least disputing the title claimed. If he omit this, it is a waiver and a virtual assent that the evidence of title shall be received; and that the title as made out shall pass without being drawn into dispute. We are told that the title was disputed by the plea of the general issue. That is true, if it be spoken of the time when issue was joined; but the statute refers the question to the time of the trial. “ If it appear on the trial, from the plaintiff’s own showing, that the title to lands is in question, which title shall be disputed by the defendantthat is to say, on the same trial. The statute is founded on the impropriety of a title to land being tried and determined by a justice’s court. If it be conceded, or be assumed by both parties, thus passing without dispute on the trial, the plaintiff does not in the words of the statute show it to be in question. There is in fact no question about it; and the evil of trying title does not arise. The justice has jurisdiction of the subject matter, as it is presented by the pleadings; and it is in the election of the defendant whether he shall retain it. The defendant may move a dismissal; and probably, under the statute, disputing the title would be equivalent to that. But if he' omit to do so, he comes within the rule that consent takes away error. In the case at bar, the defendant neither objected to the evidence of title, nor disputed its effect, nor moved for a dismissal. The only evidence he gave went to the amount of damages. Clearly where the plaintiff declares in an action of which the justice has jurisdiction, there is no error in his receiving evidence of any matter within or without his jurisdiction, if the defendant stand by and make no point against it. The evidence is inadmissible; but the defendant cannot be heard against it on error, if he do not make any objection in the court below. Suppose the parties by consent go into the question of title to real estate, who shall object? They may consent to an arbitration of *47 then- rights if they please ; and if the action in which they thus arbitrate be of a nature in which the justice can render judgment, and he do so, who can gainsay his jurisdiction? The most is that both consented to a hearing of irrelevant matter. In Whiting v. Dudley the evil was that the justice heard evidence of the plaintiff’s title, but overruled the answering evidence of the defendant.
Judgment affirmed.