SIMEON C. TUCKER & another *v.* BENEDICT ELDRED & others.

In opening a new highway or amending an old one, the town-sergeant or surveyor may, under the law, remove growing trees or brushwood from the space appropriated to the highway, but has no right, as included within the original assessment of damages, or the easement of the public, to use such trees or brushwood in the building or amendment of the roadway; and if he does so use them, he becomes a trespasser.

TRESPASS for breaking and entering the close of the plaintiffs in South Kingston, and cutting down the trees, wood, timber, and brushwood of the plaintiffs, and burying the same under the ground.

The case, which had been appealed from the court of common pleas, was tried, under the general issue in this court, at the February term for the County of Washington, 1860, with a jury, when it appeared, that the town of South Kingston, having laid out a highway through the farm of the plaintiffs, and having paid the damages assessed against them therefor, under the statute, the defendants, who were the town-sergeant and his assistants, in opening and making the same through a space of some thirty-nine rods long by three rods wide of wood-land, cut down the trees of the plaintiffs growing thereon, and used, as materials in building the road in the swampy places, the wood and·brush so cut on the land of the plaintiffs ·taken for the road.

The jury assessed the plaintiffs' damages at thirty dollars; the verdict being, by agreement, subject to the opinion of the court, upon the question of law : Whether trees and brushwood growing upon land condemned to the uses of a highway, are, under the statute, included in the condemnation and estimate of damages, or, when removed by the surveyor for the purpose of opening and building the new highway, are to be left for the use of the owner of the land?

*E. R. Potter*, for the plaintiffs.

*W. Updike*, for the defendants.

BRAYTON, J. The question submitted to the determination of the court in this case is, whether a surveyor of highways is justified in law, not merely in cutting and removing timber stand-

ing or growing within the line of the highway newly laid out, and which straitens, hinders, or incommodes the public in travelling, but in using the timber grown there in the construction of the way ?

By the general rules of law, the public have but an easement upon the land lying within the lines of the highway. Notwithstanding the laying out of the highway and the condemnation of the land to the use of the public for travel, the title to the soil, and all the profits thereof consistent with the existence of the easement, remain in the original owner. He has a right to the freehold and to all the profits which may be derived from it, consistently with the right of passage of the public, — to all mines beneath the surface, to all trees, grass, and pasturage upon and above the surface. *Goodtitle* v. *Aiken*, 1 Burr. 133 ; *Stevens* v. *Whistler*, 11 East, 51 ; *Doe* v. *Wilkinson*, 3 B. & C. 413 ; *Perley* v. *Chandler*, 6 Mass. 454 ; *Jackson* v. *Hathaway*, 15 Johns. 447 ; *Gedney* v. *Earl*, 12 Wend. 98. Our statutes (ch. 43, § 8, ch. 44, § 17, of the Rev. Sts.) provide, that upon the laying out and establishment of a highway, everything upon the land which shall in any way straiten, hinder, or incommode the travel, may be removed therefrom ; as buildings, fences, trees, or other thing whatsoever. This right the law would imply without the statute ; since upon the passing of the easement to the public, everything reasonably necessary to its enjoyment passes with it.

This power is necessarily vested in the surveyor of highways, who is appointed by law to keep the way in repair for the convenience of the public. He, therefore, may remove the trees, if they in any way interfere with the travel ; but the right to remove gives him no property in them.

There seems to be no difference in this respect, certainly no material difference, between a public and a private way. In the one case, the easement is for the benefit of the general public ; in the other, for that of an individual ; but in neither case does any property in the land, or its incidents, pass from the owner of the soil ; and the individual, in the one case, and the public in the other, are to make and maintain the way in proper condition for travel, at his or their own expense. If the way may be made cheaper with timber than with earth, it must be pro-

vided by them; and if they will take that which is another's for this purpose, they do it at their peril.

It is said, indeed, that in the assessment of damages for the laying out, the use of the wood is made an item of these damages. The damages for which the statute provides, are, " the damages which the owners of the land shall sustain by means of such highway passing through their lands;" that is, the damages which they may suffer from the right of the public continually to pass over their lands, — the adaptation of the soil to that passage, — the removal of everything therefrom which may interfere with the travel, and the fact that they must, by such use, be deprived, to a great extent, of the profit of the soil; the growth of timber thereon being one source of profit. These damages are necessarily assessed before the land is entered upon for the purpose of making the way; and, therefore, cannot be for all the injury, necessary or unnecessary, which may be actually done by the surveyor or other person, in making the way, and opening it for travel. The assessment can only be for such damages as necessarily will be done to the owner of the land, in order that the public might be enabled conveniently to pass over the land. The use of the timber in the construction of the way is certainly not reasonably necessary to the passage of the public; though the removal of it from the path may be, and would be. Until such necessity is shown, no reason is shown why the value of the timber should be an item of damages to be awarded to the owner of the land.

The same reason is equally conclusive against the right of a surveyor of highways, in the course of repairing or amending the same, from doing more in relation to the timber growing within the lines of the highway, than to cut down and remove it, so that it shall not impede the travel. According to the agreement, therefore, judgment must be entered upon the verdict.