## ANDREW B. COBB v. JAMES L. DAVENPORT.

1. The right to fish and take fish is not an easement. It is a right of profit in lands, and cannot be claimed under the designation of easement.
2. The only mode of acquiring a right of taking a profit on another's soil, is by grant or prescription, and it must be so pleaded.
3. The right claimed in this plea cannot exist in the soil of a private proprietor either by custom or prescription.
4. A right of fishing in private waters cannot be acquired by the public by dedication.

In trespass. On motion to strike out plea.

After the rule to show cause, &c., heretofore taken in this case on the part of the plaintiff, had been made absolute, and a new trial ordered, (see 3 *Vroom* 369,) the defendant applied for leave to file an additional plea to justify the alleged trespass, on the ground that the fishery in the *locus in quo* had become a public fishery by dedication. The court granted leave, in order that the question might appear on the record.

The additional plea was as follows: "And for a further plea in this behalf, the said defendant, by leave of the court here for this purpose being first had and obtained, according, &c, says, that as to the entering the said close of the said plaintiff, covered with water, and known as Green Pond, in the said township of Rockaway, and fishing in the said waters for fish, as in the said several counts of the plaintiff's declaration mentioned, and the fish there found and being, catching, taking and carrying away, and converting and disposing thereof to his own use, and treading down the grass and herbage on that part of the said close not covered with water, and prostrating and destroying the trees thereon, the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that the said close, in which, &c., so covered with water at the times when, &c.,

was, and still is, a public and common fishery, open and common to all the good citizens of the state to enter upon and fish for fish, and to catch, take, and carry away the same, at their free will and pleasure; wherefore the said defendant did enter upon the said close, so covered with water, at the said several times, when, &c., and fished therein for fish, and the fish taken by him carried away and disposed of to his own use, as he lawfully might for the cause aforesaid; and in so doing, the said defendant, with his feet, in walking, unavoidably trod down, trampled upon, and spoiled the grass and herbage, and a little cut down and destroyed the trees and underwood growing and being in and upon that part of the said close of the said plaintiff not covered with water, and lying near said Green Pond, doing no unnecessary damage to the plaintiff, which are the same supposed trespasses in the introductory part of this plea mentioned, and whereof the said plaintiff hath above thereof complained against him, the said defendant; and this the defendant is ready to verify, whereof he prays judgment," &c.

A motion afterwards made, upon due notice given, to strike out this plea, on the part of the plaintiff, was

Argued before Justices DEPUE and BEDLE.

For the plaintiff, *J. Vanatta.*

For the defendant, *H. C. Pitney.*

The opinion of the court was delivered by

DEPUE, J. In form and substance, this plea does not conform to the precedents of pleas justifying an entry for the purpose of fishing and taking fish. The precedents uniformly contain an allegation that the waters in which, &c., are public and navigable waters, in which the tide ebbs and flows. 3 *Chitty Pl.* 1108; 9 *Wentworth* 179. The plea has been framed in analogy with a plea of a public and common highway, in order to raise the question whether a fishery in

private waters can become public in its use by a dedication by the owner to public uses. A passage from Woolrich on Waters, is the only authority ·cited which seems to support that position. *Woolrich on Waters* 129. The author does not state the principle as sustained by any decision, or even dictum of the courts, but merely throws out the suggestion that there would seem to be no reason why a dedication of a private fishery to public use might not be presumed, upon the same principles as a dedication of a public way.

To hold that any analogy exists betweeen a way and a fishery, which requires the application of the same principles to the one as to the other in the mode of acquisition, is to overlook entirely the distinction between an easement and a right of profit in land. If a right of fishery may be thus acquired by the public, why not any other right of profit in another's soil, such as of cutting timber, of taking fruit, of the depasturing the soil, of gleaning, or of any other use of profit in lands? The right to subject the soil of the individual proprietor to the servitude of a public use for the purposes of a highway, is a mere easement, one of the distinguishing features of which is the absence of all right to participate in the profits of the soil charged with it. *Gale and Whately on Easements* 7; *Wash. on Easements* 3. In a highway, the king hath nothing but the passage for himself and his people; the freehold and all the profits belong to the lord of the soil. 4 *Viner Abr.* 515. So strictly is this principle of exclusion from a participation in the profits of the soil applied, that any use of the soil of a public highway by a person, (who might lawfully use the same for the purpose of passage,) in any other manner for a private profit, such as depasturing of cattle (*Stackpole* v. *Healey*, 16 *Mass.* 33; *Dovaston* v. *Payne*, 2 *H. Bl.* 527); digging up and removing the soil (*Gidney* v. *Earle*, 12 *Wend.* 98), or in search of game (*Regina* v. *Platt*, 4 *E. & B.* 860), has been held to be a trespass.

The right to fish and take fish is not an easement; it is a right of profit in lands. *Wickham* v. *Hawker*, 7 *M. & W.* 63;

*Lloyd* v. *Jones*, 6 *C. B.* 81 ; *Bland* v. *Lipscomb*, 4 *E. & B.* 714, *note; Waters* v. *Lilly*, 4 *Pick.* 145 ; 2 *Wash. Real Prop.* 26. It cannot be claimed under the designation of an easement. In *Peers* v. *Lucy*, 4 *Mod.* 362, which was an action of trespass for breaking and entering the plaintiff's close, and fishing in his several fishery, a plea prescribing for a right to enter and catch fish, as an easement, was held bad. The court say, " the word easement is known in law, but here the thing itself is set out, viz., to catch fish, &c., and certainly no instance can be given of a prescription for such a liberty by such a word or name ; " and the defendants were directed to set the prescription right.

The only mode of acquiring a right of taking a profit in another's soil, is by grant or prescription, and it must be so pleaded. If the right exists, to be enjoyed by the inhabitants of an ancient corporation, the defendant, being an inhabitant, must prescribe in the corporation ; or else in a *que estate. Mellor* v. *Spateman*, 1 *Wm. Saunders* 341, *note* 3 ; 345, 346 *f, note o; Hardy* v. *Holliday*, cited by Buller, J., in *Grimstead* v. *Marlowe*, 4 *T. R.* 718 ; *Wash. on Easements* 80. That such right cannot be claimed by custom, is conclusively established by the authorities cited in the opinion in this case when before the court on a former occasion. The reason given why a custom to take a profit in lands by the inhabitants of a district or vill cannot be supported— that the subject of the profit would in that case be destroyed —applies with increased force when the right is claimed to exist in the public at large. The same reason which invalidates the claim when made by custom, is decisive against it when made under a dedication. The right alleged in this plea is that of a public and common fishery, open and common to all the good citizens of this state to enter upon and to fish for fish, and catch, take, and carry away the same, at their free will and pleasure. A right so universal and un- qualified cannot exist in the soil of a private proprietor, either by custom or prescription. 5 *Viner's Abr.* 29 ; *Common (K. a)*; *Mellor* v. *Spateman*, 1 *Saund.* 343 ; *Wilson* v.

*Willes*, 7 *East* 121; *Fitch* v. *Rawlings*, 2 *H. Bl.* 398; *Clayton* v. *Corby*, 5 *Q. B.* 415.

The cases cited by the defendant's counsel do not sustain the position that a right of profit in lands, to be enjoyed by individuals of the community for their private emolument, can be acquired under a dedication to public uses. *McConnell* v. *The Town of Lexington*, 12 *Wheat.* 582, was much relied on. In that case, it was held that the right to the use of a spring by the inhabitants of a town, might be acquired by dedication; but the right to take water from a well or spring for domestic purposes, is a mere easement, and not a right of profit *a prendre*. *Manning* v. *Wadsworth*, 5 *A. & E.* 758; *Race* v. *Ward*, 4 *E. & B.* 702.

*McConnell* v. *Lexington* is not an authority in favor of the right which is sought to be set up under this plea. *Pearsall* v. *Post*, 20 *Wend.* 111; *S. C.*, 22 *Wend.* 425, so far as applicable, is decidedly against it. The illustrations of the defendant's counsel of lands given for county buildings, wharves, burial places, &c., are not apposite to the question under consideration. They afford no support to the position that an individual can, as a component part of the public, obtain, by dedication, a right to the profits of the lands of another for his personal benefit.

In the later cases in this country, the doctrine of dedication to public uses has been given a wide application; but it has never, I believe, been carried so far as to embrace within its scope a claim of the character of that sought to be set up under this plea. As applied to uses which are strictly public, as promotive of the intercourse of travel in the community, or affording public parks for health or recreation, the doctrine is well enough. Beyond that, to give it a wider range, so as to include, practically, the divesting the owner of the fee of the substantial benefits incident to the ownership of lands, for the benefit of others as members of the community, for uses which are in no sense public, without the intervention of the ordinary assurances for creating interests or rights in lands, would be an unwarrantable invasion of the

right of private property, and subversive of the principles of the common law.

The plea was put in by the permission of the court, in order that the question here considered might be raised by a motion to strike out. It was suggested, on the argument, that the plea might be sustained on other grounds. The permission of the court was, that the defendant might add a plea, justifying on the ground that the fishery, in the *locus in quo*, had become a public fishery by a dedication, that that question might appear on the record. The court being of the opinion that a right of fishing in private waters cannot be acquired by the public by a dedication, the plea is struck out, with costs.