IN THE MATTER OF THE PETITION OF THE BLOOMFIELD AND
    ROCHESTER NATURAL GAS-LIGHT COMPANY, Appellant, v.
    HIRAM M. CALKINS, Respondent.

A corporation, organized under the act authorizing the formation of gas-
    light companies (chap. 37, Laws of 1848), has no authority to lay its
    pipes in a country highway without the consent of, or without the
    appraisal and payment of compensation to, the owner of the land.
As to whether the streets of cities may be used for such purposes without
    the consent of the owners and without compensation, quære.
Where, in proceedings by a corporation taken under the general railroad
    act (chap. 140, Laws of 1850), to acquire title to lands, the commissioners
    have made their report of the compensation to which the owner is enti-
    ·tled, such owner may apply to the court for a confirmation of the
    report.

(Argued February 23, 1875; decided September 21, 1875.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, confirming the report
of commissioners appointed to ascertain and appraise the
compensation to which defendant was entitled for lands taken
by the petitioner.

The petitioner was a corporation organized under the general act providing for the formation of gas-light companies. (Chap. 37, Laws of 1848.) By an act passed in 1870 (chap. 757, Laws of 1870), authority was given to it to acquire title to lands necessary for its purposes in the general railroad act. (Chap. 140, Laws of 1850.) The line fixed by the company for its main pipes passed along a country highway, in the town of Henrietta, and over lands owned by defendant. The company not being able to agree with him as to his compensation commenced these proceedings, by petition, in the manner prescribed by said railroad act. Commissioners were appointed who made their report awarding defendant $350. Defendant moved for a confirmation of the report at Special Term, where the same was confirmed. The company appealed from the report and from the order confirming it.

*Henry R. Selden* for the appellant. It was not competent for Calkins to apply to the court for a confirmation of the commissioners' report. (3 Edm. Stat., 623, § 17.) The petitioners had a right, without Calkins' consent, to lay the pipes in the highway in front of his farm, and he was not entitled to be awarded damages on that account. (Laws 1848, 51, 52, § 18; 2 Laws 1870, 1879, § 4; *Drake* v. *H. R. R. R. Co.*, 7 Barb., 558; *Wager* v. *Troy U. R. R. Co.*, 25 N. Y., 531; *People* v. *Flagg*, 46 id., 401; *People* v. *Kerr*, 27 id., 212, 213; *Milhau* v. *Sharp*, 17 Barb., 437, 438: Angell on Highways, §§ 33, 216, 241, 301; *Chapman* v. *A. and S. R. R. Co.*, 10 Barb., 362, 363; *Plant* v. *L. I. R. R. Co.*, id., 26–29; *Kelsey* v. *King*, 32 id., 417; 37 id., 297; 33 How. Pr., 39; *People* v. *Law*, 34 Barb., 503; *Hardenburgh* v. *Lockwood*, 25 id., 12; *Wendell* v. *Mayor, etc.*, 4 Keyes, 268; *People* v. *Tower*, 9 Pick., 109; 10 Barb., 363; *Sonch* v. *E. L. R. Co.*, L. R. [16 Eq.], 108; *Craig* v. *R. C. and B. R. R. Co.*, 39 N. Y., 415; *Presb. Soc.* v. *A., etc., R. R. Co.*, 3 Hill, 567; *Fletcher* v. *A. and S. R. R. Co.*, 25 Wend., 462; *Lade* v. *Shepherd*, 2 Str., 1004; 15 J. R., 449.)

*John Norton Pomeroy* for the respondent.

MILLER, J.   The appropriation of land for the use of a highway is for a specific purpose, and the public thereby acquire a mere right of passage, with the powers and privileges which are incident to such a right.   The fee of the land still remains in the owner, and he does not become divested of the title because the public have a free and unrestrained right to the use of the same for the purposes of traveling, passing and repassing, on foot or with animals and vehicles, with the privilege of doing all necessary acts to keep the same in repair.   The owner's right is absolute to maintain ejectment or trespass, to use and enjoy the soil, reap any profits arising therefrom, and to use the highway for his individual purposes in any way consistent with the easement or servitude which its appropriation for a road warrants. These principles are elementary, and have been the settled law of this State from its earliest organization.   (3 Kent Com., 432, 433; *Cortelyou* v. *Van Brundt*, 2 J. R., 357, 363; *Jackson* v. *Hathaway*, 15 id., 447, 452, 453; *Gidney* v. *Earl*, 12 Wend., 98; *Pearsall* v. *Post*, 20 id., 111, 131.)   Nor in the varying changes which time and the progress of events have demanded in the adaptation of the common law to the wants of society have these salutary rules been essentially or really altered.   The introduction of railroads in this State presented the question whether a railroad corporation could use a public highway for the purpose of constructing and running its road, and it was held that it imposed an additional burden upon the soil of the highway besides what was included in the public easement; that the legislature had not the power to make such imposition within the meaning of the constitutional provision, which forbids the taking of property of the owner of the fee without compensation; and that the company can derive no title by any act of the legislature, or of any municipal authority, without the consent of the owner of the fee, or without the appraisal and payment of damages in the mode prescribed by law.   (*Fletcher* v. *Auburn and S. R. R. Co.*, 25 Wend., 462; *Trustees of Presbyterian Society* v. *Auburn and Roch. R. R. Co.*, 3

Hill, 567; *Davis* v. *The Mayor*, 14 N. Y., 506; *Williams* v. *N. Y. Cent. R. R. Co.*, 16 id., 97; *Wager* v. *Troy Union R. R. Co.*, 25 id., 526.) These cases settled the law, beyond peradventure, as to the right of railroad corporations to appropriate public highways to their benefit without compensation.

At a later day an attempted distinction was sought to be made in favor of horse railroads in cities, and the question as to the right of these corporations to use the streets of cities for their roads and cars, was presented in *Craig* v. *The Rochester City and Brighton Railroad Co.* (39 N. Y., 404), and it was there decided, after full consideration by the Court of Appeals, that the running and establishing of such a road, in the public streets of a city, was an imposition of an additional burden on the land of the adjoining proprietor, for which compensation must be made. The authorities are all fully reviewed in the case last cited, and unless this case can be overthrown, it is by no means apparent, how the appellant can claim, that the right exists, to appropriate highways for the purposes claimed. Even if the principle here decided may be disregarded and set aside, the appellant cannot be aided, for the reason that the right now claimed goes far beyond the use of the surface of a highway, the injury to which must be merely nominal and exceedingly slight. The right contended for, is to dig in the soil, cut off drains, and disturb privileges, which had been exercised by the owner, for a long period of time. The use of the highway thus sought to be maintained is different, more injurious and liable to produce far greater damages to the owner of the fee, than mere passing or repassing, and the pecuniary loss occasioned by the exercise of such a power must necessarily be far more extensive, and unlimited in its character. It would be beyond an ordinary trespass on the land, or an appropriation of the surface of the soil. It would interfere materially with the freehold and the enjoyment of the fee, to an extent greatly exceeding any thing which was ever contemplated or intended, when the land was appropriated for

the ordinary purposes of a highway. The right to the fee, to the fruits of the soil and to carry water in pipes under the highway, which are laid down as expressly reserved (3 Kent, *supra*), would be taken away, diverted and appropriated for the purposes of a corporation, without compensation and contrary to the clear and manifest original design contemplated by the laying out of the highway, and the intention of the owner of the fee, when he parted with his interest. Can it be pretended that either the public or the owner intended to be deprived of the rights which the law conferred upon him, and to subject himself to a direct interference in their enjoyment? Surely no such conclusion is warranted by the fact, that a highway was laid out according to law.

We have been referred to the dicta of judges in several cases, holding that the streets of cities may be used for the laying down of ordinary gas and water pipes, and the construction of sewers, without the consent of the owner of the fee. There is no case where the precise point has been distinctly presented and passed upon, but the opinions of judges contain remarks which sustain this doctrine. The views thus taken are not without some reason to support them, where, as in *The People* v. *Kerr* (27 N. Y., 188), the fee of the land had been acquired by the city. In fact, it may be urged with some apparent reason that the appropriation of land for a street in a city carries with it the idea that it is to be used for all necessary purposes, as such street, which the interest of the public, and the comfort, enjoyment or the health of the locality, may demand. Concede, then, that these improvements were proper for cities, it by no means follows that the appellant had a right to use the highway in question for the same purpose, and that, as a necessary result of the reasoning, the gas pipes might be properly laid over the land of the respondent. And it may be remarked that most of the cases cited, if not all of them, state or assume that there is a distinction between the street of a city and a highway in the country. Every one of the improvements referred to may,

in cities, be considered as a necessary incident to the public right to repair, improve, increase the value of property, and add to its beauty and the wealth of a large local population. Usually constructed without objection, they do not ordinarily interfere with other rights which have been lawfully acquired and enjoyed, and they confer many advantages which counterbalance any supposed detriment or injury. Whether these rights can be strictly maintained as to cities it is not necessary to determine in this case. It is enough to say that the rule claimed has no application to a country highway, because the circumstances are entirely different. Nor does the rightful use of land appropriated for a street for the purposes before stated in any way disturb the position that a public highway in the country stands entirely upon a different footing. It is unnecessary to review the authorities referred to in the learned argument of the appellant's counsel. The question is entirely settled by the adjudication of this court, as we have seen, and must be regarded as *stare decisis.* No such additional burden as is claimed can be imposed upon land taken for a public highway, unless we overthrow established principles and cases which have long been regarded as authoritative. The respondent was clearly entitled to compensation, the proceedings were properly instituted and an award of damages rightfully made.

There is no objection to an application by the respondent to confirm the report. The company had a right to do it, but the respondent was not prohibited from doing so.

No other question in the case demands comment, and the order of the General Term must be affirmed.

All concur.

Order affirmed.