ROBERT L. CROOKE AND OTHERS, RESPONDENTS, *v.* THE FLATBUSH WATER–WORKS COMPANY, APPELLANT.

*Water-works company — chap. 737 of 1873 — right of, to lay its pipes in the streets of a town — when the court will not restrain it from doing so upon the application of the owner of the fee.*

Where a water-works company, formed under chapter 737 of 1873, has, in pursuance of the powers thereby conferred and with the consent of the town authorities, laid its water pipes in one of the public streets of the town, the court will not upon the application of one who owns an adjoining lot and the fee of the street in front thereof grant a temporary injunction, restraining the company from using the said pipes and allowing the water to flow therein until compensation be made to the owner for the damages sustained, or to be sustained, by him by reason of such occupation and use of the street. (DYKMAN, J., dissenting.)

APPEAL from an order made at a Special Term restraining the defendant from using the iron pipes laid down by it in Clarkson avenue, in the town of Flatbush, for the purpose of furnishing water to the town, and from causing any water to flow therein until the further order of the court.

The defendant was incorporated, in pursuance of chapter 737 of 1873, providing for the creation and formation of water-works companies in the towns and villages of the State. By section 4 of the act such companies are authorized to lay their water pipes in any of the streets, avenues or public places of the town.

The defendant in its answer alleged, among other things, "upon information and belief, that as such corporation they, before laying their pipes in said highway, were duly authorized by the authorities of the said town, pursuant to chapter 737 of the Laws of 1873, and the acts amending the same, to lay their pipes in said highway for the purpose of improving said highway and supplying the public of said town and the residents on said avenue with water, and by virtue of said authority, and pursuant to a contract or agreement to supply the public in said town, including the residents on said Clarkson avenue, with water, and as an improvement such as the public authorities might, under the circumstances and the condition

of the land referred to, make on said highway, the defendant laid its water pipes on said avenue."

*John H. Kemble,* for the appellant.

*John H. Bergen,* for the respondents.

BARNARD, P. J.:

The order granting the injunction should be reversed for two reasons. The legislature have for many years assumed the power to permit the streets to be used in cities and villages for purposes not inconsistent with their use as highways. Gas, sewers and water pipes have been legalized, under streets, without compensation, and the pipes are now placed under the streets in all the principal cities and villages in the State. The Court of Appeals have not disapproved of the power. They have said that a railroad company may not place its road upon the surface of a street without compensation to the owner. (*Williams v. N. Y. Central and Hudson River R. R. Co.,* 16 N. Y., 97; *Henderson v. Same Co.,* 78 id., 423.)

In *Bloomfield, etc., Gas-Light Co. v. Calkin* (62 N.Y., 386), the Court of Appeals seems to decide that gas pipes cannot be laid under county highways, but does not decide what would be the rule in cities. It seems to approve reasoning addressed to a different rule therein, but it does not expressly so decide. The legislature have permitted elevated railroads in the city of New York,'and it is not yet determined that the land owners are entitled to damages. It is true that the city of New York owns its streets, but it is as a trustee for the property owners, and as to the property owners should be kept open as public highways.

In *Tompkins v. Hodgson* (9 Sup. Ct. [2 Hun], 146) it was decided by the court that a monument in memory of dead soldiers might be erected in a public place, by the permission of the trustees of a village, who had charge over the highway.

The second reason for reversal is that the case is one where the party injured should be left to his action for damages. In this respect the case seems to be embraced in the principle decided by the Court of Appeals in *Thacher v. The Trustees of Columbia College* (87 N. Y., —).

The defendant had given a covenant not to use certain lots in the

city of New York in a certain specified manner. The plaintiff had the right to enforce the covenant. The legislature permitted an elevated road, which destroyed in great part the basis for the covenant, which was addressed to the use of the property as residences. The railroad changed the circumstances, and the defendant used the property for stores. It was held that an injunction should not be granted but that the party be left to his action. In this case the damages are so insignificant that the plaintiff should not have the aid of an injunction. After the pipes are laid down and covered up there will be no real injury beyond a technical interference with property which plaintiff has no power to use or possesss himself of, unless the road should be abandoned as a highway.

Order reversed, with costs and disbursements.

GILBERT, J., concurred; DYKMAN, J., dissented.

Order granting injunction reversed, with costs and disbursements.