FRANK CROOKE *v.* THE FLATBUSH WATER–WORKS COMPANY AND BENJAMIN F. STEVENS.

29h 245
49ad443

*Eminent domain — uses to which land taken for a street in a city may be applied — water pipes may be laid therein.*

In pursuance of the authority conferred by chapter 376 of 1870, Washington avenue, in the city of Brooklyn, was enlarged and extended into the adjoining town of Flatbush, and thereafter it was opened, graded and improved by the park commissioners of the said city.

*Held,* that the laying of water pipes, in the portion thereof lying in the town of Flatbush, by a company organized under chapter 737 of 1873, for the purpose of providing the authorities and inhabitants with pure and wholesome water, did not impose an additional burden upon the land so as to entitle the owner of the fee to receive an additional compensation therefor.

*Bloomfield Gas-Light Company* v. *Calkins* (62 N. Y., 386), distinguished.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a judgment had been ordered for the plaintiff by the court. The action was brought to recover damages from the defendant The Flatbush Water-Works Company, and its contractor Stevens, for laying water pipes in respondent's lands in Washington avenue, Flatbush, and to enjoin them from proceeding with the work.

*John H. Bergen,* for the plaintiff.

*John H. Kemble,* for the defendants.

DYKMAN, J.:

Washington avenue was widened in the city of Brooklyn and as so enlarged extended into the town of Flatbush, under legislative authority. (Laws of 1870, chap. 376.) Under this law the park commissioners of the city of Brooklyn were directed to open, grade and improve the avenue so widened, and the extension thereof into the adjoining town, and they did so.

The Flatbush Water-works Company was organized under the act relating to the creation and formation of such companies in towns and villages of this State. (Laws of 1873, chap. 737.) By that law this company was authorized and empowered to lay its water pipes in any street or avenue of that town and supply the authorities and inhabitants with pure and wholesome water. (See §§ 4, 5.)

In the town of Flatbush this avenue was laid out and opened over the land of the plaintiff, and the defendant company has laid down water pipes for the purposes of its organization in the avenue over the plaintiff's land, the defendant Stevens being its servant in that regard. The plaintiff commenced two actions for an injunction and damages, which were consolidated and tried as one, a verdict was recovered in his favor and this is an appeal from the judgment.

The land of the plaintiff under this avenue must bear the burden of an urban servitude, and may be used for all purposes necessary and usual to a public street in a populous place; and all acts may be done in it which are appropriate to its beneficial use by the public. (Dillon Mun. Cor., § [551].) A portion of the avenue is in the city of Brooklyn and it extends into the town of Flatbush

which must be assumed to be a thickly populated town from its close proximity to a large city.

The requirements of the public in such a place are more numerous than in a rural locality, and streets and avenues are to supply such demands, a mere right of passage over the surface is quite insufficient. Grading and paving are essential, and so are culverts, sewers, gas pipes and water pipes, and the land is condemned and set apart for all these necessary purposes, and compensation is made to the owner therefor. It is too late in the history of this State to recede from this doctrine for it has received judicial sanction many a time and oft, and the prevalent rule is that a public street in a populous place may be used for any purpose conducive to the enjoyment of the easement, and not incompatible with the purposes for which the land was acquired. (*Kelsey* v. *King*, 32 Barb., 417; *Chapman* v. *Albany, etc., R. R. Co.*, 10 id., 360; *Drake* v. *Hudson R. R. R. Co.*, 7 id., 508; *Williams* v. *New York Central R. R. Co.*, 18 id., 222.) The size and extent of the easement in a street must be measured by the wants and necessities of the public.

The spirit of the age is onward, and the law must expand with the requirements of the times. Illumination, drainage and pure water are all required in populous places. A plentiful supply of the latter is a prime necessity and pipes are laid for its flow and distribution, the same as gas pipes, without additional compensation to the fee owner because they are incidental to the use of the street.

The case of the *Bloomfield Gas Company* v. *Calkins* (62 N. Y., 386) related to a rural highway and is distinguished from an urban street. We cannot assent to the proposition that all the gas pipes, water pipes and sewers laid down in the streets and avenues of the cities and villages of this State by municipal or legislative authority are additional burdens on the land for which the owner of the ultimate fee is entitled to new and further compensation.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred; CULLEN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.