MARIE HUSSNER, AS ADMINISTRATRIX, ETC., APPELLANT, v. THE BROOKLYN CITY RAILROAD COMPANY, RESPONDENT.

*Trespass — when an abutting owner may maintain an action against a company unlawfully using steam cars in the street.*

An owner of land abutting upon a city street, whose title extends to the center thereof subject to the right of the public to use it as a highway, may maintain an action of trespass against a company which, without legal authority so to do, runs upon the portion of the highway owned by him steam engines and cars propelled by steam, to the injury of the premises and of the business carried on by him in the buildings erected thereon.

APPEAL from a judgment dismissing the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action.

*George W. Broderick*, for the appellant.

*Winchester Britton*, for the respondent.

DYKMAN, J.:

When this cause came to trial at the circuit the complaint was dismissed because it contained no cause of action, and we are now to ascertain whether that disposition of the case should be sustained.

The material allegation is that the plaintiff's intestate was seized and possessed of certain lands in the city of Brooklyn particularly described, subject to the easement of a common highway, in that portion of the premises called Third avenue. That the defendant wrongfully entered on a portion of the premises which is used as such public highway, lying between and bounded by the center line of Third avenue on one side thereof, and the front line of the buildings of the decedent, erected on the said premises, on the other, and committed acts of trespass and injuries to said premises by running thereon daily, during the period specified, steam engines and cars propelled by steam, to the injury of the said premises in the depreciation of the value of the said buildings and real estate, and to the injury of the hotel business carried on by the decedent in the building during all the said time.

It is thus seen that the complaint sets out an unlawful entry and

trespass on that portion of the described premises of the decedent in the use of the public as a common highway, and a use of the same by engines and cars propelled by steam, so that the use is for passage only. No obstruction of this highway is alleged, and no use of the same is set up amounting to a nuisance, but the allegation is that the defendant has committed acts of trespass and injuries to the premises by running thereon engines and cars. The complaint therefore is for trespass plain and simple.. An important inquiry therefore is whether the title of the decedent extended to the center of Third avenue or only to the side.

The description begins at the northerly corner of Third avenue and Twenty-fourth street, and runs thence north-easterly along said Third avenue fifty feet. Thence north-westerly in a line parallel with Twenty-fourth street, one hundred feet; thence south-westerly in a line parallel with Third avenue fifty feet, to Twenty-fourth street; and thence south-easterly along said Twenty-fourth street one hundred feet, to the place of beginning.

The general principles on which grants of land, bounded on water streams and public highways are construed, are well settled and understood, but difficulty frequently arises in their application to the language of particular grants. The usual presumption is that the grantor did not intend to retain title to the highway, and to receive such construction, the language of the grant must exhibit such intention. Here the boundry commences at the northerly corner of Third avenue and Twenty-fourth street, and not at the intersection of their exterior lines, and runs northerly along Third avenue, and not along its side, and the last course is along Twenty-fourth street to the place of beginning. Here is no reference to the sides of these streets, and no language showing intention to confine the grant to such sides of either street. The language must therefore be construed to carry the title of the decedent to the center of Third avenue.

Assuming, therefore, that the titles of the decedent extended to the center of Third avenue, he held the fee unimpaired and subject only to the easement of a public highway, and the entry of the defendant on the street and the exercise of their claim to use the same for the purpose of a steam railroad, was an unlawful intrusion and a trespass on the land for which damages may be recovered in

an action of trespass. (*Trustees of the Presbyterian Society* v. *Auburn and Rochester Railroad Company,* 3 Hill, 567 ; *Wager* v. *Troy Union Railroad Co.,* 25 N. Y., 526.)

The position that the possession of the decedent was not sufficient to sustain the action of trespass is not tenable, because his possession was coextensive with his title so far as possession can extend to a public highway, where land is traveled and used as a public highway, no actual exclusive possession of it can be shown, and trespass cannot be maintained without showing title, but constructive possession is shown by proof of title to the center and actual occupation of the adjoining land. (*Willoughby* v. *Jenks,* 20 Wend., 96.)

It may be stated further that the complaint charges that no legal authority has been obtained by the defendant for the wrongful acts set out. Our conclusion is that the complaint contains a cause of action for a trespass. We intimate no opinion on the extent or measure of damages.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred ; PRATT, J., not sitting.

Order dismissing complaint and judgment thereon reversed and new trial granted, costs to abide event.