Edgar F. Hazletoh, S.
The executor has petitioned this court for a construction of the provisions of paragraph Third of testator’s will. In substance, said paragraph set up a life estate for the benefit of testator’s mother in the residence property of decedent located on Union Avenue, East Patchogue, New York, with remainder over to the respondent in this proceeding, Dorothy L. Ewing. The property thus disposed of was described by testator in his will as “ the residence now occupied by me as my home on Union Avenue * * * and the real property on which such residence stands, together with the grounds adjoining thereto ”.
Decedent’s mother having died, thus terminating the life tenancy, a dispute now has arisen as to the extent of the property intended to be devised to the remainderman.
It appears that at the time of his death, decedent’s residence was located on the west side of Union Avenue, with two parcels adjoining to the north and south thereof. Also owned by decedent at the time of his death was a parcel directly across and on the east side of Union Avenue, designated at times in this proceeding as the ‘ ‘ eleven lots. ’ ’ All parties are in accord that the residence and two adjoining parcels on the west side of Union Avenue vest under the will in the. remainderman, Ewing. As to the parcel on the east side of Union Avenue, it *908 is the executor’s contention, joined in by some of the other interested parties, that this parcel' is excluded from the dis-positive provisions of paragraph Third of the will for the reason that it does not “ adjoin ” the parcel on the west side of Union Avenue, being separated therefrom by said Union Avenue. In support of this contention, reliance is placed upon the definition and meaning of the word “adjoin”, since the testator, in his will, referred to the “ grounds adjoining ” his residence property.
Opposing this contention, the remainderman argues, firstly, that the two parcels in fact do adjoin because, both under the words of the deeds whereby the decedent acquired the properties, and by operation of law, the decedent owned the fee to' the center of the road on both sides of Union Avenue, subject to the public easement of the use of the land for highway purposes, and hence there is a physical joinder of the properties ; secondly, that the parcel on the east side of Union Avenue contained a water pump, tool shed, mailbox, vegetable garden and incinerator, all of which were employed in connection with the use and enjoyment of the residence, thus indicating that testator considered both parcels as one unit when he spoke of his “residence” and the “ grounds adjoining thereto ’ ’; and thirdly, that since Union Avenue is a public road which cannot be put to private use, it cannot suffice to break the contiguity of the two parcels within the intent expressed by the testator.
Upon the evidence presented as well as the law, I am constrained to find in favor of the remainderman, Ewing. Proof of the chain of title affecting the two parcels in question establishes that the fee to the land in the bed of Union Avenue was never alienated and eventually passed to the decedent. Specifically, in the deed to the westerly parcel dated July 6, 1948 and in the deed to six of the lots of the easterly parcel dated January 10, 1947 “all the right title and interest” of the grantors “ of, in and to the land lying within the bed of any street or avenue in front of and adjoining the said premises to the center line thereof ” were conveyed to the decedent. By virtue of such conveyance, and there being no evidence in the chain of title that such land was at any time divested, it is evident that a physical joinder of the properties existed at the time of testator’s death, and that title in the easterly parcel as well as in the westerly parcel has vested in the respondent, Ewing, under the provisions of paragraph Third of testator’s will. (Deering v. Reilly, 167 N. Y. 184; Eels v. American Tel. & Tel. Co., 143 N. Y. 133; Mott v. End, 181 N. Y. 346; Paige v. *909 Schenectady Ry. Co., 178 N. Y. 102; Matter of Bloomfield & Rochester Natural Gas-Light Co. v. Calkins, 62 N. Y. 386.)
In view of the foregoing, it is unnecessary to pass upon the other arguments advanced in behalf of the respondent, Ewing, except to note that they are well supported by the authorities cited and present cogent reasons for sustaining her position.
In passing, it is interesting to note that the attorneys for the executor, after having examined the memorandum of law submitted in behalf of respondent Ewing, came to the conclusion that said respondent’s position was correctly taken. However, this factor is in no way controlling upon my decision since I am aware that the executor, who is a lawyer himself, does not concur with his attorneys, and that other of the interested parties, namely the heirs of Fausta Galotti, deceased mother of testator, continue to support the executor’s contentions.
Submit decree on notice in accordance with the foregoing.