Chief Judge Desmond (dissenting).
It is absurd to grant plaintiff an injunction or a condemnation award, and we should forthrightly say so. This is not a situation where a landowner gives a limited easement only (as in Holden v. City of New York, 7 N Y 2d 840) or where some use, novel at the time, is made of land dedicated for highway uses only (as in Matter of Bloomfield & Rochester Natural Gas-light Co. v. Calkins, 62 N. Y. 386). Plaintiff’s title runs on paper to the center of a highway but *366 this highway has existed so long in its present location that no one knows how or when it became such. Whatever be its history, it is now as much of a public road as if it had been bought and paid for with public funds (see Highway Law, § 189). True, plaintiff on paper holds the fee title for one half of the width of this highway subject only to a highway easement, but in common sense that highway easement includes such customary and reasonable uses of the strip as are within the general purposes of a public highway easement. That a highway easement includes subsurface uses for water pipes and sewage pipes has been held since the Whitcher v. Holland Water Works Co. case (66 Hun 619) decided in 1892 and affirmed here without opinion in 1894 (142 N. Y. 626). Transmission of gas for lighting and heating homes, including plaintiff’s home, is certainly a reasonably necessary use of the roadway in 1966. The only modern expression to the contrary is the dictum in the Thompson v. Orange & Rockland Elec. Co. case (254 N. Y. 366, 369). The Holden case (7 N Y 2d 840, supra) is, as above stated, not in point since it passes on the effect of reserving a mere right of way ’ ’.
Even if we were to theorize that this ancient easement does not include the laying of gas pipes under the roadway, we still should dismiss the suit on the ground that this right of plaintiff cannot possibly have more than a nominal value. No court could or would say that plaintiff ’é property, incumbered by half of a public highway for generations, is now worth substantially less because hidden under the pavement there will be a gas main to serve plaintiff and her neighbors.
We may judicially notice that generally in rural areas titles run to the center of the highways. Is it to be the law that any time gas pipes or electric conduits are put under such a road the owners on both sides would be entitled to damages?
To say that plaintiff is entitled to an injunction or damages because there are gas service pipes under the road in front of her house would be like saying that when the few horse-drawn vehicles gave place to automobiles in great numbers, she could have had relief in the courts because of the added burden not anticipated when the strip was dedicated to public highway uses.
There should be a reversal and dismissal of the complaint, with costs.
*367 Judges Fuld, Burke and Scileppi concur with Judge Van Voorhis; Judge Keating concurs in a separate opinion; Chief Judge Desmond dissents and votes to reverse in an opinion in which Judge Bergan concurs.
Order affirmed, etc.