HUGH FLYNN, Respondent, v. J. MONROE TAYLOR, Appellant.

*It seems* the owner of land abutting upon a public street may, owing to
the necessities of the case, encroach on the primary right of the public
to a limited extent and for a temporary purpose.

The obstruction, however, must be reasonably necessary for the transac-
tion of business, and must not unreasonably interfere with the rights of
the public.

Such an owner may not lawfully supply the defects in his premises by
virtually monopolizing the sidewalk in front thereof.

Any unnecessary or unreasonable use of a sidewalk or street to the serious
inconvenience of the public is a nuisance *per se*.

*It seems* a remedy for the wrong against the public may be found in the
indictment of the offender (Penal Code, § 385); or in a suit by the proper
officer in behalf of the people to compel him to abate the nuisance.

An individual who sustains a special and peculiar loss in consequence of
such a nuisance may maintain an action in equity for damages and an
injunction.

The right to maintain such an action does not depend on the amount of
the special damages, provided the plaintiff suffered some material injury
peculiar to himself.

In a populous city whatever turns the tide of travel from the sidewalk
directly in front of a retail store to the opposite side of the street is pre-
sumed to cause special damage to the proprietor of the store.

Whether a particular use of a street is an unreasonable use or not is a
question of fact depending on all the circumstances of the case.

While the general welfare may be promoted by a business carried on by a
manufacturer whose factory is located on a public street in a city, and
it should not be interfered with for light or trivial causes, still the right
of the public to the use of the sidewalk in front of his premises is para-
mount, and he must so arrange his business as not unreasonably to inter-
fere with such use.

Reported below, 53 Hun, 167.

(Submitted June 25, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made June 28, 1889, which affirmed a judgment in favor
of plaintiff entered upon a decision of the court on trial with-
out a jury.

This was an action to recover damages for creating a nuis-
ance, and to restrain its further continuance.

Sackett street is a public street in the city of Brooklyn, sixty feet in width, and used by several thousands of pedestrians every day. During and prior to the year 1887 the defendant owned a parcel of land with a frontage of about 140 feet on the south side of said street, on which there was a large building covering the whole lot, where he carried on the business of manufacturing saleratus and other articles of domestic consumption. At the same time the plaintiff owned certain premises on the same side of said street about eighty feet farther west, but in the same block, where he kept a retail liquor store. Several years prior to the commencement of this action the defendant, with the consent of the city authorities, erected on the sidewalk in front of said factory a platform ninety feet long, two feet ten inches high and four feet eight inches wide. Said platform projects its entire width across the sidewalk, and is used by the defendant for loading and unloading trucks, which, for that purpose, stand several hours each day upon that part of the sidewalk that is not covered by the platform. The sidewalk and street, together with the bridge over the gutter between, are well paved and on the same level, and there is usually no difficulty in walking around the obstructions on the sidewalk by going out into the street. While the trucks are standing across the sidewalk backed up to the platform for the purpose of receiving or discharging a load the horses are generally turned around parallel with the building to enable pedestrians to pass around over the carriageway through the street. There are two railway tracks in the street, and the nearest rail is about eight feet from said sidewalk. The defendant also has platform scales on the sidewalk at one end of his factory that he uses for weighing coal in such a manner that the scales, coal-carts and horses attached sometimes occupy the entire width of the sidewalk. The platform of the scales is on the same level as the pavement and forms a part thereof, and when not in use, presents no obstacles to passers-by. Sackett street is a thoroughfare to the Hamilton avenue ferry and is used mainly for business purposes in the neighborhood in question. The defendant has

no access to his factory, except from said street and across said sidewalk. The platform is a permanent construction, and the other obstructions named occupy the sidewalk on the average about three and one-half hours each day. When the horses and trucks are on the sidewalk, pedestrians are compelled either to climb over the platform, or walk around through the street. Owing to said obstructions, travel was to a certain extent diverted from the sidewalk in front of plaintiff's premises to the opposite side of the street, where there was a good walk, free from obstacles. The trial court found that the passage of the public along said sidewalk was thus unnecessarily and unreasonably interrupted and interfered with by the defendant and that in consequence thereof the rental value of plaintiff's premises had been diminished and he had sustained special damages to a nominal amount. Judgment was ordered for the damages so found and for an injunction restraining the defendant " from unnecessarily or unreasonably obstructing the sidewalk " in front of said factory, but a stay of proceedings for three months was directed to enable him to change the arrangement of his premises, if he so desired.

*Frederick C. Dexter* for appellant. The plaintiff has failed to show any substantial injury resulting from the acts complained of or any injury that is not common to the public, and was not entitled to recover. (Wood on Nuisance, §§ 619, 632, 654, 678; High on Injunction, § 762; *Pierce* v. *Dart*, 7 Cow. 609; *Doolittle* v. *Suprs.*, 18 N. Y. 155; *Jutte* v. *Hughes*, 67 id. 271; *Bergneann* v. *Jones*, 94 id. 51.) No unreasonable use or occupation of the sidewalk is shown, at least so far as plaintiff is concerned. (*Welch* v. *Wilson*, 101 N. Y. 257; *Callanan* v. *Gilman*, 107 id. 360.) The refusal of the court to find that the platform of the scales complained of is level with and forms a part of the sidewalk and presents no obstacle to pedestrians, was erroneous and the exception well taken. (Code Civ. Pro. § 993; *James* v. *Cowing*, 82 N. Y. 449; *Fox* v. *Moyer*, 54 id. 125; 48 id. 569; 58 id. 123.)

*Josiah T. Marean* for respondent. The court will always enjoin a grave public nuisance, though the peculiar damage which the plaintiff himself sustains be not proved with such definiteness as to warrant a judgment for any specific sum. (*Callanan* v. *Gilman*, 107 N. Y. 360.)

VANN, J. The owner of land abutting upon a public street is permitted to encroach on the primary right of the public to a limited extent and for a temporary purpose, owing to the necessity of the case. Two facts, however, must exist to render the encroachment lawful:

1. The obstruction must be reasonably necessary for the transaction of business;

2. It must not unreasonably interfere with the rights of the public. (*Callanan* v. *Gilman*, 107 N. Y. 360; *Welsh* v. *Wilson*, 101 id. 254.)

The foundation upon which the exception seems to rest is that it is better for the public to suffer a slight inconvenience than for the adjacent owner to sustain a serious loss. Any unnecessary or unreasonable use of a street, however, is a public nuisance and is declared by statute to be a crime against the order and economy of the state. (Penal Code, § 385.) A remedy for the wrong against the public may be found in the indictment of the offender, or in a suit by the proper officer in behalf of the people to compel him to abate the nuisance. (*People* v. *Loehfelm*, 102 N. Y. 1; *People* v. *Horton*, 64 id. 610; *People* v. *Cunningham*, 1 Den. 524; *Atty.-Genl.* v. *Cohoes Co.*, 6 Paige, 133; Wood on Nuisances, § 729; Willard's Eq. Jur. [Potter's ed.] 389, 401.) Whenever any person sustains a special and peculiar loss in consequence of an unlawful obstruction to a public street, he may maintain an action in equity in his own behalf for damages and an injunction. Such was the case of *Callanan* v. *Gilman* (*supra*), upon which the courts below relied in rendering judgment in this action and which we also regard as analogous and controlling. In that case, as in this, the obstruction consisted in unloading trucks over a sidewalk and pedestrians were forced by the

inconvenience to take the opposite side of the street. The proof of special damages sustained by that plaintiff was slight, but the court held that direct proof of peculiar damage was not needed if the circumstances showed it and that he suffered some special damages not common to persons merely using the street for passage was declared to be too obvious for reasonable dispute. The right to maintain the action does not depend on the amount of the special damage provided the plaintiff suffered some material injury peculiar to himself. (*Pierce* v. *Dart*, 7 Cow. 609.)

We think that in a populous city whatever unlawfully turns the tide of travel from the sidewalk directly in front of a retail store to the opposite side of the street, is presumed to cause special damage to the proprietor of that store because diversion of trade inevitably follows diversion of travel. The nature of this case was such that the amount of damages could not be shown and hence the remedy at law would not only be inadequate, but would lead to a multiplicity of suits.

While the defendant was doubtless careful to interfere with the rights of the public no more than was necessary for the convenient transaction of his business with the facilities that he had, still he could not lawfully supply the defects in his premises by virtually monopolizing the sidewalk for several hours every day. As the court said in *Rex* v. *Russell* (6 East, 427), he " could not legally carry on any part of his business in the public street to the annoyance of the public," nor could he " eke out the inconvenience of his own premises by taking in the public highway." (*Rex* v. *Jones*, 3 Camp. 230.)

Whether a particular use of a street is an unreasonable use or not is a question of fact depending on all the circumstances of the case. (*Hudson* v. *Caryl*, 44 N. Y. 553; *St. John* v. *Mayor, etc.*, 6 Duer, 315; Wood on Nuisances, § 251.)

The trial court found as a fact that the defendant's use of this sidewalk was an unreasonable interference with the passage of the public along the same. Hence he was properly held guilty of creating a nuisance, for the habitual use of a sidewalk or highway in an unreasonable manner to the serious

inconvenience of the public is a nuisance, *per se.*   (16 Am. &
Eng. Encyc. of Law, p. 937.)   The evidence was ample to
support the finding, as the use of the sidewalk by the defend-
ant was systematic and exclusive during a substantial part of
the business day.   The primary purpose of the sidewalk was
violated and the people who wished to use it to walk upon
were compelled to walk around through the street and avoid
the passing vehicles as best they could.   This is scarcely denied
by the learned counsel for the defendant, who contends that
no unreasonable use or occupation of the sidewalk was shown
so far as the plaintiff is concerned and that he cannot com-
plain, although the public might.   It is true that no direct
interference with the plaintiff's premises or business was shown.
The pecuniary loss to him was caused by the indirect effect of
the obstructions to the sidewalk upon the public; but when
an unreasonable use of a public highway is shown and it also
appears that such unreasonable use causes special damages to
an individual, he has a personal right of action to compel the
abatement of the nuisance.   (*Doolittle* v. *Supervisors, etc.*, 18
N. Y. 155 ; *Corning* v. *Lowerre*, 6 Johns. Ch. 439 ; *Spencer* v.
*London & B. R. Co.*, 8 Simons, 193 ; *Sampson* v. *Smith*,
Id. 272 ; *Crowder* v. *Tinkler*, 19 Vesey, 617.)

While the general welfare is promoted by manufactures
such as the defendant carries on and they should not be inter-
fered with for light or trivial causes, still the right of the
public to the use of the sidewalk is paramount and he must so
arrange his business as not unreasonably to interfere with it.
The decree against him conforms in every respect to the pre-
cedent established by this court in *Callanan* v. *Gilman* (107
N. Y. 360, 373), when it modified the judgments of the courts
below by restraining against an unnecessary or unreasonable
obstruction.   While the language of the injunction is some-
what indefinite, owing to the care taken not to interfere with
important private rights, still a reasonable man will have little
difficulty in determining what is a reasonable use of a public
street.   A prudent man will resolve doubtful questions in
favor of the public and against himself, and the wrong to the

public is the basis of the plaintiff's right to relief, although a special injury to himself was also required before he could succeed.

We see no reason for reversing this judgment which is, therefore, affirmed, with costs.

All concur.

Judgment affirmed.