MARY A. TINKER, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

1. PERSONAL INJURY — RESPONSIBILITY OF RAILROAD COMPANY FOR OBSTRUCTION IN HIGHWAY — ACTS OF EMPLOYEES. When, on appeal from an affirmance by the General Term of a judgment entered upon a verdict for the plaintiff in an action against a railroad company for a personal injury alleged to have been caused by timbers lying within the limits of a highway on land owned by the defendant, the defendant claims that it was not responsible for placing the timbers upon the highway, because it was done by its employees when not engaged in its business but in appropriating the timbers to their own use, it must be assumed that the defendant is responsible for the placing of the timbers, where the question whether its employees did attempt to convert them was presented for and submitted to the jury.

2. OBSTRUCTION OF HIGHWAY BY OWNER OF THE LAND. A person, even if he is the owner of the land over which the highway passes, commits a nuisance if he places in a highway an obstruction with which horses or vehicles may come in contact, or which is calculated to frighten horses of ordinary gentleness, unless the obstruction is reasonably neces-sary for the conduct of his business and at the same time does not unreasonably interfere with the right of the public to use the highway.

3. LIABILITY OF RAILROAD COMPANY FOR DEPOSITING TIMBERS IN HIGHWAY ON ITS LAND. A railroad company is properly held liable for a personal injury sustained by a traveler on a highway upon land owned

by the company through his roadworthy horses being frightened by disused timbers, removed by the company in repairing a cattle guard and deposited by it within the highway limits, although not in the roadway, when the jury also finds, upon a proper submission of the question, that, under all the circumstances of the case, the action of the company in placing the timbers where it did was not reasonably necessary in the conduct of its repairs and was an unreasonable interference with the rights of the public.

*Tinker* v. *New York, Ontario & W. R. Co.,* 92 Hun, 269, affirmed.

(Argued October 28, 1898; decided November 22, 1898.)

Appeal from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered January 11, 1896, affirming a judgment in favor of the plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The facts, so far as material, are stated in the opinion.

*Howard D. Newton* for appellant. The defendant was the owner of the land where the sticks were placed, and if the act of placing them there had been done in the course of its business rather than for the personal use of one of its servants, yet the act was not a negligent one, and unless negligent the defendant could not be liable. (3 Kent's Com. 432, 433; *B. & R. N. G. L. Co.* v. *Calkins,* 62 N. Y. 388; *People* v. *Kerr,* 27 N. Y. 188; *Kellinger* v. *Forty-second St. & G. St. F. R. R. Co.,* 50 N. Y. 208; *Cohen* v. *Mayor, etc.,* 113 N. Y. 532; Whart. on Neg. § 816; *Hume* v. *Mayor, etc.,* 74 N. Y. 264; *Kelly* v. *Doody,* 116 N. Y. 581; *Babbage* v. *Powers,* 130 N. Y. 281; *People* v. *Cunningham,* 1 Den. 524; *Conn.* v. *Passmore,* 1 Serg. & Rawle, 219; *Rex* v. *Jones,* 3 Camp. 230; *People* v. *Horton,* 64 N. Y. 610; *Welsh* v. *Wilson,* 101 N. Y. 254.) The sticks were not placed in the highway by the defendant, nor by its servants, in the course of its business. (*Mulligan* v. *N. Y. & R. B. R. Co.,* 129 N. Y. 506; *P., F. W. & C. R. Co.* v. *Maurer,* 21 Ohio, 421; *Hoar* v. *Maine, etc., R. Co.,* 70 Me. 65; *Duffy* v. *Alleghany, etc., R.*

40

Co., 95 Penn. St. 458; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 78 Hun, 525; *Mars* v. *D. & H. C. Co.*, 54 Hun, 625; *Mott* v. *C. Ice Co.*, 73 N. Y. 543; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Wyllie* v. *Palmer*, 137 N. Y. 257; *Finley* v. *H. El. R. Co.*, 64 Hun, 373; 146 N. Y. 369; *Everhart* v. *H. R. Co.*, 78 Ind. 292; *Cotter* v. *F. R. Co.*, 5 Phila. 255.)

*George W. Ray* for respondent.    When a highway is once laid out and worked the public have a right to the free, uninterrupted and unobstructed use of it for themselves and their carriages along its entire width to its utmost extent and unobstructed by any impediment (not natural to the ground), subject, however, to such temporary obstructions as all highways must suffer in cases of evident necessity. (*Baylis* v. *Roe*, 24 N. Y. S. R. 710; *Stewart* v. *P. Man. Co.*, 13 N. Y. S. R. 220; *Flynn* v. *Taylor*, 127 N. Y. 596; *Callanan* v. *Gilman*, 107 N. Y. 360, 365; *Cohen* v. *Mayor*, etc., 113 N. Y. 532; *People ex rel.* v. *Brookfield*, 6 App. Div. 398; *D., L. & W. R. R. Co.* v. *City of Buffalo*, 4 App. Div. 562.) An abutting owner, though he owns the fee of the highway, is not authorized to obstruct any part of a highway for private use or convenience excepting temporarily, reasonably, necessarily, and in the exercise of due care that the traveling public suffers no damages by reason of such temporary obstructions. (*Callanan* v. *Gilman*, 107 N. Y. 360; *Flynn* v. *Taylor*, 127 N. Y. 596; *Francis* v. *N. Y. S. Co.*, 114 N. Y. 380; *Welsh* v. *Wilson*, 101 N. Y. 254, 257; *Cohen* v. *Mayor*, etc., 113 N. Y. 532; *Milburn* v. *Fowler*, 27 Hun, 568; *Stewart* v. *P. Manf. Co.*, 13 N. Y. S. R. 220; *Nolan* v. *King*, 97 N. Y. 565; *Champlin* v. *Vil. of Penn Yan*, 34 Hun, 33; 102 N. Y. 680.)    The act of the defendant's agents and employees in placing these timbers in this highway was the act of the defendant.    They were engaged in the master's business — doing the very acts they were authorized and directed to do. (*Quinn* v. *Power*, 87 N. Y. 535, 539; *Phil. & R. R. R. Co.* v. *Derby*, 14 How. [U. S.] 486; *Joel* v. *Morrison*, 6 Car. & P. 501; *Sleath* v. *Wilson*, 9 Car. & P. 607; *Cosgrove* v. *Ogden*, 49

N. Y. 257; *Higgins* v. *W. T. & R. R. Co.*, 46 N. Y. 23;
*Lee* v. *Vil. of Sandy Hill*, 40 N. Y. 448; *Ochsenbien* v.
*Shapley*, 85 N. Y. 220, 221; *Jennings* v. *Van Schaick*, 108
N. Y. 534; *McCauley* v. *Hutkoff*, 20 Misc. Rep. 97; *Don-
nelly* v. *Cowen*, 20 Misc. Rep. 100; *Keep* v. *Walsh*, 44 N. Y.
Supp. 944.)  If these timbers were obviously of such appear-
ance that they would or were calculated to frighten ordinarily
gentle, kind, well-broken horses, and they were placed and
left in this public highway where such result would be reason-
ably apprehended, and allowed to remain for an unnecessary
and unreasonable length of time, and such use of the high-
way was not reasonably necessary for the transaction of the
defendant's business, they were not only an obstruction but a
nuisance, and such acts were not only negligent but wrongful.
(*Stewart* v. *P. Manf. Co.*, 13 N. Y. S. R. 220; *Champlin* v.
*Vil. of Penn Yan*, 34 Hun, 33; affd., 102 N. Y. 680;
*Eggleston* v. *Columbia T. R.*, 18 Hun, 146; 82 N. Y. 281;
Elliott on Roads & Streets, 449, 482, 483; Cooley on Torts,
617; *Young* v. *New Haven*, 39 Conn. 435; *Jones* v. *R. R.
Co.*, 107 Mass. 261; Thomp. on Neg. 349; *Clinton* v. *Howard*,
42 Conn. 294; *Phillips* v. *Veazie*, 40 Me. 96; *Rushville* v.
*Adams*, 107 Ind. 475; *City of Chicago* v. *Hoy*, 75 Ill. 530.)
To create liability on the part of the defendant it was not
necessary that plaintiff or the team and vehicle in which she
was riding should come in actual contact or collision with the
timbers. (*Stewart* v. *P. Manf. Co.*, 13 N. Y. S. R. 220;
*Champlin* v. *Vil. of Penn Yan*, 34 Hun, 33; 102 N. Y.
680; *Whitney* v. *Town of Ticonderoga*, 53 Hun, 214, 215;
*Eggleston* v. *Columbia T. R.*, 18 Hun, 146; 82 N. Y. 281.)
It was not necessary for the plaintiff to allege or prove negli-
gence on the part of the defendant.  The act in thus obstruct-
ing the highway was wrongful. (*Lamming* v. *Galusha*, 135
N. Y. 239; *Clifford* v. *Dam*, 81 N. Y. 52; *Congreve* v.
*Smith*, 18 N. Y. 82; *Creed* v. *Hartmann*, 29 N. Y. 595;
*Irvine* v. *Wood*, 51 N. Y. 224.)  If it were at all questioned
that the employees who placed these obstructions in the high-
way were at the time in the employ of the company, acting

within the scope of their employment as such servants, it was for the jury to determine the fact upon the evidence and the admission made. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 137; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 117; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 14 J. & S. 526, 529; *Mott* v. *C. Ice Co.*, 73 N. Y. 543.)

PARKER, Ch. J. This judgment awards to the plaintiff $5,000, for damages which she sustained by being thrown to the ground from her seat in a wagon. The jury have found that the accident was caused by the horses drawing the wagon becoming frightened at two heavy timbers about ten feet long and twelve inches square. These timbers were weather beaten and nearly black "with oil and stuff on them." They were lying in a ditch from one to two feet in depth, at a distance of about ten feet from the traveled part of the highway, and about fifteen feet from the fence separating the highway from the defendant's land. The jury have found that the horses were roadworthy, and as the record is not wholly without evidence to support the finding, it cannot be questioned here.

While the sticks complained of were situated within the highway limits, although not in the beaten track, the defendant was the owner of such highway, subject only to the rights of the public in and to it for highway purposes; for the land on both sides of the highway at this point belonged to defendant. It insisted upon the trial, *first*, that it was not responsible for the placing of the sticks upon the highway, and, *second*, if it was, that the act was one clearly within its rights as owner of the fee of the highway. As to the first question it appears that on the 4th day of September, two days before the accident, certain employees of the defendant were engaged in taking out old cattle guards and putting in new ones on defendant's railroad at a point from thirty to fifty feet distant from the place where the sticks were placed.

When the sticks were first taken out of the cattle guard they were moved into the highway far enough to get them out of the way while a new cattle guard was being put in and com-

pleted. When the work was finished these sticks were taken across the highway and then along it for a distance of about fifty feet and deposited in the ditch. The appellant does not contend that it is not responsible for the acts of its servants while engaged in the master's business within the scope of their employment, and it concedes that inasmuch as its servants were repairing the cattle guards, in the doing of which they were compelled to take out the sticks and place them somewhere, if they or their foreman decided to put them in the ditch, the act was one for which their master, this appellant, would be chargeable; but it does insist most strenuously that the evidence conclusively establishes that the two sticks were appropriated to the use of one Volmer, who was an employee of the defendant and connected with the section gang at work on the cattle guards. The witness Atwell, when asked why the sticks were placed where they were, answered that one of the men, Anthony Volmer, was to have them and the men carried them over to the ditch for the purpose of assisting him in securing them. This, with other evidence adduced by the defendant upon the subject, shows, the appellant insists, that while the section gang was proceeding in the discharge of the master's work, and before putting the sticks on its own property outside of the line of the highway, as it did in another instance, one of the servants stepped in and appropriated the sticks as his own; that while it is true he was not the foreman and could not command, yet he persuaded his fellow-laborers to assist him in the appropriation. Thus, appellant urges, it appears that the men, instead of being engaged in the master's business, were taking property away from that master and aiding another person to appropriate it. Upon this foundation counsel constructs a most interesting argument leading to the conclusion that the defendant should not be charged with the responsibility of placing the sticks in the ditch.

But the difficulty with this contention in this court is that here it must be assumed that the fact is not as the appellant claims. While the record contains the evidence referred to,

tending to show that the sticks were placed in the ditch for Volmer's convenience upon the understanding they were to be used by him for firewood, there were present certain circumstances that persuaded the trial court that the question whether Volmer and his associates did undertake to convert the sticks to Volmer's use, was presented for the jury, and so that question was fully and fairly submitted to them. The verdict that followed established, so far as this review is concerned, that the deposit of the sticks in the ditch was not in pursuance of a plan to appropriate them to Volmer's benefit.

In our further consideration of the case, therefore, we are to assume that the defendant is responsible for the acts of its employees in placing the sticks in the ditch.

The appellant next insists that although it be charged with the acts of its employees in depositing the sticks as complained of, yet as it owned the fee and had the right temporarily to make necessary and reasonable use of the highway in the course of its business, and only exercised such right while engaged in repairing the cattle guards, it can be held responsible for damages resulting from such use only by showing that it was negligent, and the claim is that under the evidence submitted the defendant cannot be charged with negligence. The primary purpose of highways is use by the public for travel and transportation, and the general rule is that any one who interferes with such use commits a nuisance. Indeed, the statute declares it to be a public nuisance and a crime against the order and economy of the state to unlawfully interfere with, obstruct or tend to obstruct a street or highway. (Penal Code, § 385.) There are some exceptions to the general rule. An abutting owner may, if necessary, temporarily and reasonably encroach upon the street by the deposit of building materials; a tradesman may convey goods in the street to or from his adjoining store, and in a variety of other ways the use of a highway for public travel may be temporarily interfered with without the creation of what in the law is deemed a nuisance. But such obstructions must not only be temporary, but necessary in the transaction of the

business of him who obstructs the highway, and reasonable as regards the rights of others.

In *Flynn* v. *Taylor* (127 N. Y. 596) it was held that any unnecessary or unreasonable use of a sidewalk or street to the serious inconvenience of the public is a nuisance *per se*. And while the court recognizes the right of the owner of land abutting upon a public street, when necessary, to encroach upon the primary right of the public to a limited extent and for a temporary purpose, it lays down the rule by which to determine whether an obstruction of a highway is lawful or a nuisance. It says : " Two facts, however, must exist to render the encroachment lawful : 1. The obstruction must be reasonably necessary for the transaction of business ; 2. It must not unreasonably interfere with the rights of the public," citing *Welsh* v. *Wilson* (101 N. Y. 254) and *Callanan* v. *Gilman* (107 N. Y. 360).

It follows that if an encroachment be not justified by these two facts, it is unlawful and a nuisance ; and such is the law, unless the obstruction is one authorized by the municipal authority having control of the street. In such a case the owner is relieved from the imputation of trespassing in doing the act consented to, and is in the position of one liable for negligence only. (*Babbage* v. *Powers*, 130 N. Y. 281.) The rule relating to encroachments on highways is not confined to obstructions in the beaten track, but embraces all parts of the highway ; nor is it necessary that the injury should be done to a traveler coming in contact with the obstruction. " There is," says Mr. Thompson, in his work on Negligence (Vol. 1, page 349), " no judicial distinction between an injury happening through a traveller's horse taking fright at the object, and an injury happening through his coming into direct collision with it." Indeed, it has been held many times, in other states besides our own, that objects calculated to frighten horses of ordinary gentleness constitute an encroachment upon the highway which will support a recovery for injuries sustained by the person injured without fault on his part. (See cases cited in Thomas on Negligence, pages 995–1181.)

Recoveries for injuries occasioned through the frightening of horses by obstructions in the highway have been sustained in this state in the following cases: *Stewart* v. *Porter Mfg. Co.* (13 N. Y. S. R. 220) ; *Champlin* v. *Village of Penn Yan* (34 Hun, 33 ; affirmed, without an opinion, in 102 N. Y. 680) ; *Burns* v. *Town of Farmington* (31 App. Div. 364), and *Quinn* v. *Town of Sempronius* (33 App. Div. 70). In *Stewart's* case, the horses became frightened at boilers standing on the edge of the sidewalk next to the gutter. In *Champlin's* case a banner suspended over the street so frightened a horse that he ran away. In *Burns'* case the horses were frightened by a pile of hub timber irregularly piled, while in *Quinn's* case poles, piled by the side of the road, intended for use in constructing barriers to a bridge, so frightened horses that they ran away. The last two cases were against towns.

The appellant cites *Eggleston* v. *Columbia Turnpike R. Co.* (82 N. Y. 281) in support of his argument that defendant was not a trespasser and could be held liable, if at all, only on the ground of negligence. In that case the horses were frightened by a pile of stones that had been placed beside the traveled part of the road, about a week before the accident, to be used in repairing a bridge owned by the defendant, a turnpike company. It is true the court said : " If the pile of stones had a tendency to frighten horses and was of a dangerous character, although not technically a defect or obstruction in the highway, I entertain no doubt that the defendant could be made liable for damage caused to travelers thereby, after notice of its character and neglect to remove the same." But a very different question was presented in that case from the one before us. The action was brought against a turnpike company that was charged with the duty of maintaining the road and keeping it in repair ; the pile of stones that frightened the horses was placed by the side of the traveled part of the highway for the purpose of making needed repairs to a bridge ; the object aimed at was a proper one ; indeed it was the duty of the company to make the repairs, and, therefore, it was lawful and proper for it to place the stones where it did ; but

it neglected to repair the bridge promptly with the result that several horses had been frightened before the plaintiff's were, and the plaintiff claimed to recover upon the ground that defendant negligently permitted the pile of stones to remain after notice had been given to it that the stones had a tendency to frighten horses traveling upon the road, and had actually done so.   We have seen then that a person, even if he be the owner of the land over which the highway passes, commits a nuisance if he places in the highway an obstruction with which horses or vehicles may come in contact, or which is calculated to frighten horses of ordinary gentleness, unless the obstruction be reasonably necessary for the conduct of his business and at the same time does not unreasonably interfere with the right of the public to make use of the highway.

Whether or not the evidence in this case justified the claim of the defendant that its action in placing the sticks where it did was reasonably necessary in the conduct of its repairs, and not an unreasonable interference with the rights of the public, presented a question of fact.   This is obviously so, but in addition it should be said that it has been so decided by this court.   (*Callanan* v. *Gilman, supra ; Flynn* v. *Taylor, supra ; Hudson* v. *Caryl,* 44 N. Y. 553.)

It was the duty of the court, therefore, to submit to the jury, under all the facts of the case, the question whether the use which the defendant made of the highway was necessary and reasonable within the rule we have referred to.   This the court did in a charge which was fair and free from legal fault.

As there was no error in the rulings of the court in admitting or rejecting evidence, it follows that the judgment should be affirmed, with costs.

All concur (HAIGHT, J., in result), except O'BRIEN, J., dissenting, and MARTIN, J., not sitting.

Judgment affirmed.