much dwelt upon by the attorneys for the appellants, only one of which seems to require attention. When Mr. Marshall was upon the stand, he was questioned as to the value of the services in this case, and it is contended that he was permitted to testify as if he possessed personal knowledge which it is claimed is contrary to the facts. But a reading of the witness' testimony shows that he was in the case from its commencement, that no step of any importance was taken without consultation with him, and, while he was not present in court during the actual taking of the testimony, he did have the personal knowledge sufficient to make him competent. There was considerable sparring among the counsel on the trial for the purpose of determining whether Mr. Marshall's testimony was based upon absolute knowledge or merely upon hypothesis. Inasmuch as the record of the trial in surrogate's court and the briefs used were already in evidence, a proper basis was made for a hypothetical question, but at the close of this protracted discussion the witness stated that he based his answer, not upon any testimony given by the plaintiff Jenny, but wholly upon services rendered by himself, or in his presence, or over which he had carefully studied. A careful reading of this continuous tilt pertaining to the admissibility of this testimony vindicates the ruling of the referee.

Judgment affirmed, with costs against the appellants, to be paid by the administrators out of funds in their hands. All concur.

---

### LEWIS v. BALLSTON TERMINAL R. CO.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. HIGHWAYS—OBSTRUCTION—QUESTION FOR JURY.
    Whether a steam locomotive used in the course of the construction of an electric road, and temporarily placed in the highway, where it was blowing off steam when it was claimed that plaintiff's horses became frightened, was calculated to frighten horses, and whether it did produce the injury for which the plaintiff sought to recover, was for the jury.

2. SAME—NUISANCE—REASONABLE NECESSITY.
    Defendant was organized for the purpose of building and operating an electric railroad, and was not authorized to use any other motive power. In the course of the construction of the road, it used a steam locomotive; and, while it was standing on defendant's tracks in the highway, it blew off steam, and, it is claimed, frightened plaintiff's horses. *Held* that, if the locomotive was calculated to frighten horses of ordinary gentleness, defendant committed a nuisance, for which it would be liable, unless the obstruction was reasonably necessary to the construction of the road, and did not unreasonably interfere with the rights of the public.

3. SAME—QUESTION FOR JURY.
    Where a party placed an obstruction in a highway, the question whether or not there was a reasonable necessity therefor is one of fact for the jury.

4. SAME—REASONABLE NECESSITY—BURDEN OF PROOF.
    In an action against a railroad company to recover for damages sustained by reason of plaintiff's horses becoming frightened by an obstruction placed by defendant in a public highway, the burden of showing a reasonable necessity therefor rests on defendant.

Appeal from trial term, Saratoga county.

Action by Charles Lewis against the Ballston Terminal Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

F. H. Brown, for appellant.

H. E. McKnight, for respondent.

PUTNAM, J. The action was brought by the plaintiff to recover damages for injuries sustained by reason of his horse becoming frightened by a steam locomotive of the defendant standing on defendant's railroad track in the highway at Milton Center, Saratoga county, which locomotive was at the time blowing off exhaust steam. The case was presented on the theory that defendant had violated the statute, and created a nuisance in the public highway. The defendant was organized as a domestic railroad corporation, for the purpose of building and operating a railroad by electricity from Ballston Spa to Middle Grove, in Saratoga county, N. Y. By its articles of incorporation it was not authorized to use any other motive power than electricity for any purpose, and no authority was given to it to use a steam locomotive on said railroad. The defendant, in the course of the construction of its road, without any statutory authority therefor, used a steam locomotive, and temporarily placed it on a narrow part of the highway, along which the plaintiff was proceeding. Whether the locomotive so placed was calculated to frighten horses, and whether it did produce the injury for which the plaintiff sought to recover, was a question of fact for the jury. Tinker v. Railroad Co., 71 Hun, 431, 24 N. Y. Supp. 977; Id., 157 N. Y. 312, 51 N. E. 1031. In the case cited, it appeared that the defendant was the owner of the land over which the highway passed, and had temporarily placed thereon some sticks of timber near the traveled part of the road, which frightened the plaintiff's horses. The plaintiff obtained a judgment, which was sustained by the general term and the court of appeals. In that case it was said (157 N. Y. 318, 51 N. E. 1032):

"The primary purpose of highways is use by the public for travel and transportation, and the general rule is that any one who interferes with such use commits a nuisance."

In the same case, in the opinion published in 71 Hun, 434, 24 N. Y. Supp. 980, the following language is used:

"An object in a public street which is of such a form or character that it is calculated to frighten horses of ordinary gentleness is an obstruction in the nature of a nuisance, and any one who so places or maintains it is ordinarily liable for the consequences likely to arise. Stewart v. Manufacturing Co., 13 N. Y. St. Rep. 220; Eggleston v. President, etc., 18 Hun, 148, and cases cited; Wood, Nuis. §§ 295, 297; 1 Thomp. Neg. 349; Whart. Neg. § 983."

The defendant, in placing the locomotive, which it had no statutory authority to use, on the highway, interfered with the use of such highway, and committed a nuisance, unless it was made to appear that the obstruction was reasonably necessary in the construction of its

road, and did not unreasonably interfere with the rights of the public. 157 N. Y. 319, 51 N. E. 1031. Had the case been submitted to the jury, a finding would have been authorized that the defendant placed on the highway an obstruction calculated to frighten horses, and which did cause the injury to the plaintiff for which he sought to recover in this action. It would, however, have been an answer to the plaintiff's claim if it had been shown that the placing of said engine on the highway was reasonably necessary in the doing of its work, and did not unreasonably interfere with the rights of the public. The defendant offered no evidence, and we are of opinion that that produced by the plaintiff did not authorize the trial judge to determine, as a matter of law, that there was a reasonable necessity for the obstruction. It is well settled that, where a party places an obstruction in the highway, the question whether there was a reasonable necessity or not is one of fact for the jury. Tinker v. Railroad Co., supra; Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264; Flynn v. Taylor, 127 N. Y. 596, 28 N. E. 418, and 14 L. R. A. 556. The steam engine was on the track of the defendant in the highway. It had the right by its charter to use cars propelled by electricity at said place on its track, but no right to place thereon a dangerous steam locomotive, calculated to frighten horses, and to render the highway dangerous to those lawfully proceeding thereon. The plaintiff having shown that the defendant, without being authorized by its articles of association to do so, placed in a narrow part of the highway a dangerous obstruction, it was for the defendant, if it could, to show the necessity for using said locomotive, and allowing it to stand in such a position as to frighten teams proceeding in the highway. We think, therefore, that the trial court erred in granting defendant's motion for a nonsuit. We think the complaint, as amended on the trial, was sufficient, and that, under the evidence, the question as to the plaintiff's contributory negligence was for the jury.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.