## HOFFART v. TOWN OF WEST TURIN.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. TOWNS—NEGLIGENCE—HIGHWAYS—WOOD PILE BESIDE HIGHWAY—FRIGHTENING HORSE—NOTICE TO COMMISSIONER.
   Evidence in an action against a town for damages because of plaintiff having been thrown from his wagon owing to his horse becoming frightened at a pile of wood beside the highway, that it had been there for

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. §§ 1648, 1741.

weeks, authorized a finding that the commissioner of highways should have known of its presence.

**2. SAME—EVIDENCE—LIABILITY OF TOWN.**

It appearing that the horse was frightened, not by the appearance of the pile, but by the sudden slipping down of a stick of wood, the town was not liable, the commissioner of highways not being bound to anticipate such an event.

Appeal from Trial Term, Lewis County.

Action by Joseph C. Hoffart against the town of West Turin. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

C. S. Mereness, for appellant.

M. H. Powers, for respondent.

HISCOCK, J. This action was brought to recover damages alleged to have been sustained by plaintiff in September, 1901, through being thrown out of his wagon as he was driving upon a highway in the defendant town, and which accident resulted, as claimed, through his horse becoming frightened at a pile of wood upon the side of the highway and running away. We think that the evidence, taken in its entirety, was not sufficient to charge defendant with liability, and that, therefore, the judgment should be reversed. Upon the occasion in question plaintiff was driving a single horse, hitched to a buggy, in which were himself, his wife, and three children. It was in the daytime, and his course lay over a country highway, which was very little traveled, not to exceed two teams a day passing over it even in the summer season. Some time before the accident an owner of land adjoining the highway had started to draw out some wood, and in the course of his operations had left a pile of ordinary stove wood not to exceed 2 feet high and from 7 to 10 feet in diameter at a distance variously estimated at from 7 to 10 or 11 feet from the edge of the highway. There were some cradle knolls and weeds by the side of the highway in the neighborhood of this pile of wood, and plaintiff claims that as he drove along he did not see the wood pile until his horse got opposite to it, when a stick or slab slipped down upon the pile and frightened the horse. It is to be noticed that plaintiff's evidence makes it entirely distinct that the fright of the horse was caused by the sudden slipping of this stick, and that there was nothing to cause this sudden contingency, except, as plaintiff suggests, the jarring of the earth as he was driving his horse and buggy along an ordinary country highway several feet distant therefrom. There was some evidence that this horse had run away before this, and that after the accident somebody led him back over the pile of wood without any struggles upon his part. There was also evidence which would have permitted a jury to say that three or four other horses, upon occasions prior to this accident, had shied at the pile of wood, but none of them had run away. There was evidence that the miles of highway in the town aggregated about 75. While it is somewhat difficult to believe that a small pile of ordinary stove

wood would so frighten horses, when properly driven, that they would shy and run away, it was perhaps within the province of the jury to find that this particular pile of wood did possess these possibilities, and that it was calculated to frighten horses. It was also permissible for the jury to find that the pile of wood had remained there long enough so that the commissioner of highways should have known of its presence. If, therefore, plaintiff's horse had simply taken fright at this pile of wood and run away, we might have felt constrained to allow the verdict to stand. Such, however, is not the case presented upon this appeal. As stated, it clearly appears that plaintiff's horse was frightened, not by the general aspect of the wood pile, but by the sudden and unexplained slipping and falling of a stick as he went by. It is suggested that plaintiff's horse and wagon so jarred the earth that it shook down this stick, but we do not feel able to go to the extent of accepting this theory. It therefore follows that suddenly, and without any sufficient explanation or cause, as plaintiff was driving by, a stick of wood fell down and frightened his horse and caused the accident. We think that this occurrence was so unusual that the commissioner of highways was not bound to anticipate it or guard against it. If the wood had been newly thrown into the pile, it would be easier to understand the settling and falling of its component pieces. It had, however, lain there for weeks or months, and the alleged cause of plaintiff's misfortune seems to have been something which could not be reasonably anticipated or foreseen. For these reasons we think the judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein. All concur.