# GASSENHEIMER *v.* DISTRICT OF COLUMBIA.

---

RIGHTS OF PROPERTY OWNERS IN ABUTTING STREETS; HIGHWAYS; POLICE REGULATIONS; AUTOMOBILES.

1. The owner of land abutting upon a street has the right to encroach upon the primary right of the public to a limited extent and for a temporary purpose, and whether a particular use of a street by such owner is a reasonable use or otherwise is a question of fact depending on all the circumstances of the case. (Following *Willard Hotel Co.* v. *District of Columbia,* 23 App. D. C. 272.)

2. Even if a hotel proprietor cannot lawfully rent an automobile kept standing in front of his hotel except to his guests, he cannot properly be convicted of unnecessarily obstructing the free passageway of the street and delaying traffic thereon because he happens to rent such automobile to someone going into the hotel and engaging it, who proved not to be a guest. He is not presumed to know every guest of the hotel.

3. Proof that an automobile stood in front of a hotel for two hours is not sufficient to sustain a conviction of the owner of the automobile and proprietor of the hotel of unnecessarily obstructing the street.

4. *Quære,* Whether a stableman may, without violating any ordinance of this District, keep his vehicles standing in the street in front of his office ready for hire.

No. 1489.   Submitted February 7, 1905.   Decided March 8, 1905.

IN ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The facts are sufficiently stated in the opinion of the Court.

*Mr. W. J. Lambert* and *Mr. D. W. Baker* for the plaintiff in error.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Justice DUELL delivered the opinion of the Court:

The plaintiff in error, Samuel Gassenheimer, was found guilty by the police court of the District of Columbia on an information against him, charging him with unnecessarily obstructing the free passageway of a certain street in the District, and hindering and delaying traffic thereon, by allowing an automobile to remain on the street in front of the Hotel Lawrence for a period of two hours.

Exceptions having been taken to the rulings of the court on matters of law, and this writ of error having been granted, we are called upon to review the judgment.

The information in the case was filed under section 14 of article 10 of police regulations, which, in part, reads as follows:

"No vehicle shall unnecessarily obstruct the free passageway of any street or avenue, nor hinder nor delay the passage of any other vehicle," etc.

The testimony adduced on the part of the District was that of an inspector, who testified that he saw Mr. Gassenheimer's automobile standing in front of his hotel for two hours on September 22 without engagement; that he hired it from Mr. Gassenheimer, moved away in it, used it for an hour, and paid for it. The automobile was a licensed public vehicle.

The plaintiff in error was called as a witness on his own behalf. He testified that he had the automobile in front of his place for the guests of the hotel; that he kept an automobile stable, having an office therefor in his hotel, and having a telephone in the stable and in his hotel for automobile business; that he orders automobiles from the stable for guests of the hotel; that the persons in charge of the automobiles are not per-

mitted to hire them to anybody, but that the hiring has to be done through the clerk in the office; that the automobiles do not obstruct the street or affect anybody's free passage of the street, and that the street is used as a hack stand at night; that he rents his automobiles to anybody that comes to the office, and that anybody can drop into the hotel and hire an automobile from the clerk, who is there for the purpose of renting them.

There is no evidence that he knowingly permits any automobile standing in front of his hotel to be rented to persons other than its guests. In our opinion the testimony adduced was not sufficient to sustain the information, and no conviction should have been had.

The courts have repeatedly recognized the rights of the owners of land abutting on a public highway to encroach upon the primary right of the public to a limited extent and for a temporary purpose. *Tinker* v. *New York, O. & W. R. Co.* 157 N. Y. 312, 51 N. E. 1031.

Whether a particular use of a street is a reasonable use or otherwise is a question of fact depending on all of the circumstances of the case. *Flynn* v. *Taylor,* 127 N. Y. 596, 14 L. R. A. 556, 28 N. E. 418.

In the latter case it was held that, in order to justify the encroachment by one in possession of land abutting upon the street, such encroachment must be reasonably necessary for the transaction of his business, and it must not unreasonably interfere with the rights of the public.

This case, upon the testimony, falls within the decision of this court in the case of *Willard Hotel Co.* v. *District of Columbia,* 23 App. D. C. 272, unless it is to be differentiated by reason of the fact that the party hiring the automobile was presumably not a guest of the hotel. The testimony, however, shows that the automobile was kept for the use of the guests of the hotel. That testimony is not contradicted save by implication. It can hardly be claimed that a hotel proprietor, or the carriage clerk, is presumed to know every guest of the hotel. Admitting that a hotel proprietor cannot lawfully rent a vehicle kept standing in front of his hotel except to his guests, it would

be very unjust to convict him of the offense of unnecessarily obstructing the free passageway of the street and delaying traffic thereon because such automobile chanced to be rented to someone coming into the hotel and engaging it, who proved not to be a guest. We are of the opinion that proof that an automobile stood in front of a hotel for two hours is not sufficient to sustain a conviction that the free passageway of a street has been unnecessarily obstructed and traffic thereon hindered and delayed.

There is absolutely no affirmative testimony whatever to show that traffic was delayed or hindered, to the slightest degree, by reason thereof. The information was not based upon the allegation that a public cab stand was maintained in an unauthorized place, and there is no proof that the plaintiff in error rents his automobiles, standing in front of his hotel for hire, to any and all persons who may desire to use them. The information cannot be sustained upon any inference. It requires sufficient legal proof in order that such a charge be sustained. We do not now pass upon the right of a stableman to keep his vehicle standing in the street in front of his office ready for hire.

For the reason that the record fails to show any violation of the police regulation upon which the information was based, the decision of the police court was erroneous and its judgment must be reversed, with costs, and cause remanded, with direction to discharge the defendant. It is so ordered.

*Reversed.*