## MUNRO v. WELLS BROS. CO.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

1. MUNICIPAL CORPORATIONS—USE OF STREET—FRIGHTENING HORSES—LIABILITY OF PERSON CAUSING INJURY—BURDEN OF PROOF.

A horse becoming frightened by an engine placed by defendant in a street by permission of the authorities, and necessarily employed in the construction of a public building, ran against plaintiff's horse and carriage. *Held*, that the burden was on plaintiff in an action to recover for injuries to prove that the engine was negligently operated.

2. SAME—SUFFICIENCY OF EVIDENCE—NUISANCE.

Evidence in an action to recover for injuries caused by a runaway horse frightened by defendant's engine located in a street considered, and *held* insufficient to prove that the engine was a nuisance, or that defendant was negligent in its operation.

Williams and Kruse, JJ., dissenting.

Appeal from Onondaga County Court.

Action by David H. Munro against the Wells Bros. Company of New York. Judgment of Municipal Court for plaintiff was reversed by the County Court, and plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Charles P. Wortman, for appellant.

Ernest I. Edgecomb, for respondent.

NASH, J. We think the Municipal Court acquired jurisdiction of the defendant, and the practice of the court upon the trial regular; but, in the view we take of the case upon the merits, those questions need not be discussed.

The plaintiff's counsel in his points states that the engine that frightened the horse which ran against the plaintiff's horse and carriage was located at the curb, and extended out over the curb into the street, and in his points assumes that the engine so placed in the highway constituted a nuisance, and therefore it is immaterial whether negligence caused or contributed to the injury. In support of the right of the plaintiff to recover, we are referred to the case of Lewis v. Ballston Terminal R. R. Co., 45 App. Div. 129, 60 N. Y. Supp. 1035, where a corporation engaged in the construction of an electric railroad having permitted a steam locomotive to stand, without statutory authority, upon its tracks in a narrow part of a highway, and personal injuries were sustained by the plaintiff in consequence of his horse being frightened by the escape of steam from the locomotive sufficient to warrant a jury in finding that the corporation was guilty of negligence, it imposed upon the corporation the duty of establishing that the locomotive was necessarily placed in the position in which it was, and did not unreasonably interfere with the right of the public.

The plaintiff here, on the trial in the Municipal Court, proved by the testimony of Ralph H. Howes, superintendent of construction of the new court house, in Syracuse, that the engine was used in the construction work; that it was located about 25 feet inside the curb; that permission to place the engine there was given by the commissioner of public works of the city of Syracuse.

It appearing that the engine was placed in the position in which it was, by the permission of the public authorities, and it must be inferred necessarily employed in the construction of a public building, it was incumbent upon the plaintiff to prove that it was negligently operated. The only evidence bearing upon the question is that of Dr. Broad, who says that his horse was frightened as he was driving by in the middle of the street by the noise of escaping steam, which was very loud, whether unnecessarily so does not appear. It was in evidence: That the escape of steam is caused by different things. One cause is the exhaust. That the engine could not be run without exhaust. Every time a load is lifted by the derrick operated by this kind of an engine some exhaust steam escapes, and that makes more or less noise. That cannot be helped. We think the evidence established the fact that the engine where it was placed, under the circumstances, did not constitute a

nuisance, and was insufficient to establish the fact of negligence in the operation of the engine, and therefore the judgment of the Municipal Court should have been reversed.

The judgment of the County Court, reversing the judgment of that Court, should be affirmed.

Judgment of the County Court affirmed, with costs. All concur, except WILLIAMS and KRUSE, JJ., who dissent.