Todd D. Kilpatrick, Esq. Informal Opinion No. 99-01 Village Attorney Village of Johnson City One Marine Midland Place P.O. Box 2039 Binghamton, New York 13902
Dear Mr. Kilpatrick:
You have requested an opinion regarding whether a Village is responsible for damage done to a private citizen's mailbox during the snow removal process when the mailbox is erected within the Village's highway right of way.
You informed us that the mailbox of a resident of the Village was destroyed by a Village snowplow during the winter of 1998. For purposes of this opinion, you asked that we assume the mailbox was erected within the Village's highway right of way. You are aware of prior opinions of this office, but have requested an update.
While a property owner may have an informal license to place his or her mailbox in the highway right of way, this does not endow the owner of the mailbox with any legal rights in the highway when needed for highway purposes. 1966 Op Atty Gen (Inf) 54. We note, however, that in many areas the United States Post Office delivers the mail by truck, necessitating that mailboxes be placed within reach of the truck and consequently in the highway right of way.1
Villages have a duty to keep their streets free from obstructions and available for public use. Village Law § 6-602; cf., Highway Law § 319; Tinker v. New York, Ontario and Western Railroad,157 N.Y. 312 (1898); McLane v. State, 53 N.Y.S.2d 194 (Ct Cl 1945). The removal of snow is necessary to keep the streets unobstructed and available for public use.
As we stated in our 1966 opinion, a property owner may not "interfere with the speedy and efficient removal of snow" which is part of "proper highway maintenance." 1966 Op Atty Gen (Inf) 54. Accordingly, if a property owner places his or her mailbox in the Village's highway right of way, the Village is not liable for damage to the mailbox if such damage was caused by non-negligent Village snow removal activities. Thus, whether the Village is responsible for damage to a reasonably placed mailbox is a question of fact relating to the conduct of the snow removal activities.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE, Assistant Attorney General