(116 App. Div. 737)

## POWERS v. STATE LINE TELEPHONE CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

TELEGRAPHS AND TELEPHONES—USE OF STREETS.

    A telephone company, holding a franchise from a village authorizing the placing of poles in the streets, cannot occupy land forming part of a street, owned by a citizen and subject only to those easements arising from a dedication of the street, without the consent of the owner and against his wishes, and without having acquired the right by condemnation.

    . [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and Telephones, § 6; vol. 18, Eminent Domain, § 317.]

Appeal from Trial Term, Westchester County.

Action by Thomas J. Powers against the State Line Telephone Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Frank B. Vermilya, for appellant.
Nathan P. Bushnell, for respondent.

RICH, J. This appeal is from a judgment requiring defendant to remove certain poles, which it has erected in front of and adjoining premises of the plaintiff, together with the wires and cables strung thereon, and perpetually enjoining the defendant from replacing or erecting any poles, or putting up any poles or wires, in that portion of said street. The facts are not seriously controverted. The plaintiff is the owner in fee of that portion of Smith street in front of his premises in the village of Peekskill upon which the poles were erected. The village has about 1,000 inhabitants, and plaintiff's premises are near the extreme southern part of the village, 1,800 feet from the business portion thereof on one side, and on the other side, three blocks below, the village ends and the open country commences. Smith street is a side street running through a somewhat sparsely settled residential district. The defendant is a corporation incorporated under the laws of the state for the purpose of erecting, operating, and maintaining a telephone system, and holds a franchise from the village of Peekskill authorizing it to install, operate, and maintain a telephone system therein, and for that purpose to erect poles and string wires and cables upon and over the streets.

The record presents the question whether a telephone company, holding a franchise from a village authorizing the placing of poles

and wires in its streets for the purpose of conducting its business, can occupy land forming part of a public street, owned by a citizen and subject only to those easements arising from a dedication of the street for those purposes, without the consent of the owner and against his wishes, without having acquired such right by condemnation proceedings. We prefer to hold that this cannot be done. In Eels v. American Telephone & Telegraph Company, 143 N. Y. 133, 138, 38 N. E. 202, 203, 25 L. R. A. 640, Peckham, J., in writing for the court, says:

"We think neither the state nor its corporation can appropriate any portion of the public highway permanently to its own special, continuous, and exclusive use by setting up poles therein, although the purpose to which they are to be applied is to string wires thereon and thus to transmit messages for all the public at a reasonable compensation. It may be at once admitted that the purpose is a public one, although for the private gain of a corporation; but the Constitution provides that private property shall not be taken for public use without compensation to the owner. Where land is dedicated or taken for a public highway, the question is, what are the uses implied in such dedication or taking? Primarily there can be no doubt that the use is for passage over the highway. The title to the fee of the highway generally remains in the adjoining owner, and he retains the ownership of the land, subject only to the public easement. If this easement do not include the right of a telegraph company to permanently appropriate any portion of the highway, however small it may be, to its own special, continuous, and exclusive use, then the defendant herein has no defense to the plaintiff's claim. Although the purpose of a public highway is for the passage of the public, it may be conceded that the land forming such highway was not taken for the purpose of enabling the public to pass over it only in the then known vehicles, or for using it in the then known methods for the conveyance of property or the transmission of intelligence. Still the primary law of the highway is motion, and whatever vehicles are used, or whatever method of transmission of intelligence is adopted, the vehicle must move and the intelligence be transmitted by some moving body, which must pass along the highway, either on or over, or perhaps under, it; but it cannot permanently appropriate any part of it."

The decision in this case calls for affirmance of the judgment, unless the fact that the contention here arises over the ownership of the fee in a village street removes the case from the operation of the rule declared in that case. Upon the evidence disclosed in the record it is difficult to distinguish the facts upon which the questions involved in this appeal are based from those before the court in the Eels Case. Smith street is to all intents and purposes a country highway, although located within the village limits. Our attention has not been called to any case holding that the respective rights of the owner of the fee in a village street and a telephone company are controlled by the mere fact that the street is within the corporate limits of a village. While it has been held that there may be a difference between the extent of the public easement in a country highway and in a village street, dependent upon the actual necessities of the inhabitants of the latter for sewers, gas, water, and other conveniences, the court has recognized that the question depends largely upon density of population creating such necessity, and that the necessity for the dedication of a village street for such greater easement may be implied. It does not go to the extent, however, of divesting the owner in fee of a village street of any of the rights belonging to him in a country high-

way, simply because the one is within and the other without the corporate limits. Each case must be determined by the conditions and necessities shown to exist. It is sufficient in the case at bar to say that the record discloses no conditions or necessities requiring the application of a different rule than that established by the Court of Appeals in the Eels Case. While that court has determined that a different rule may exist and govern the rights of owners of the fee of streets in a village than is held applicable to the owners of the fee of country highways, it has not held that such different rule does exist. We believe that the rule applicable to a village of 1,000 inhabitants ought to be the same as that in purely rural districts, and that the appellant has attempted to use the streets of this village for other than street purposes and that the judgment was proper.

The judgment must therefore be affirmed, with costs. All concur.