RICHARDS et al. v. CITIZENS' WATER SUPPLY CO. et al.

(Supreme Court, Special Term, Queens County. June 10, 1907.)

HIGHWAYS—RIGHTS OF ABUTTING OWNERS—LAYING PIPES.

The authorities of a town authorized a water company to furnish water within the town. Afterwards the town with others became a part of the city of New York, and the water company, in order to furnish the water, attempted to lay its pipes along a bare country road within the limits of another town which had become a part of the city. *Held,* that the road could not be appropriated without a compensation to the owners of the fee, since the incorporation of the territory within the city of New York did not change the nature of the highway from a country to an urban road.

Action by Robert K. Richards and another against the Citizens' Water Supply Company and others. Demurrer overruled.

Weed, Henry & Meyers, for plaintiffs.
Parker, Hatch & Sheehan, for defendants.

THOMAS, J. By the Greater New York charter the former towns of Flushing and Newtown became a part of the city of New York. Previous thereto the defendant company was authorized by the authorities of Newtown to furnish water within such town, and for that

purpose only threatens to lay its pipes under and along a highway in the town of Flushing without compensation to the owner of the fee. If the road were in fact an urban street, that might be done. Witcher v. Holland Waterworks Company, 66 Hun, 619, 20 N. Y. Supp. 56, affirmed 142 N. Y. 626, 37 N. E. 565; Palmer v. Larchmont Electric Company, 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672; Crooke v. Flatbush Waterworks Company, 29 Hun, 245. Even if the pipes were to be used for a street purpose connected with the highway, it might be done. Palmer v. Larchmont, 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672, interpreting and distinguishing Eels v. American Telegraph & Telephone Company, 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640. But the road is literally a bare road in the country,. and cannot be appropriated without compensation, although the state has given the public consent. The fact that the territory has been incorporated within the city of New York does not change its nature from a country to an urban road, nor take away the owner's right to compensation. The act of inclusion enlarged no rights and diminished no obligations. What the statute and the authorities of Newtown gave the water company it has. What then remained to the owners of the fee of a highway in Flushing still remains. The new municipality has not asserted that it is necessary to use the highway for the common good of the unified territory, even if that could aid the defendants. The Legislature cannot make a thing what it is not. The highway in question was and is concededly a mere country road, and, as long as it remains such, is immune from the taking without compensation asserted by the defendant company. Bloomfield, etc., Gas Light Company v. Calkins, 62 N. Y. 386; Eels v. American Telegraph and Telephone Co., 143 N. Y. 133, 142, 38 N. E. 202, 25 L. R. A. 640; Powers v. State Line Telephone Co., 116 App. Div. 737, 102 N. Y. Supp. 34.

The demurrer is overruled with costs with leave to plead.